IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALLIED WASTE NORTH AMERICA, INC., a Delaware corporation; and BFI WASTE SERVICES, LLC, a Delaware limited liability company; | ) ) ) ) ) | JURY DEMAND<br><br>No. _____ |
| Plaintiffs, | ) ) | Judge _____ |
| v. | ) ) | Magistrate Judge _____ |
| LEWIS, KING, KRIEG & WALDROP, P.C., a Tennessee professional corporation; LINDA HAMILTON MOWLES, an individual; and DEBORAH STEVENS, an individual; | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**
**(Legal Negligence; Breach of Contract; Breach of Fiduciary Duty)**

For their Complaint, Plaintiffs Allied Waste North America, Inc. and BFI Waste Services, LLC (collectively, "Allied/BFI") allege as follows:

**PARTIES**

1.  Plaintiff Allied Waste North America, Inc. ("Allied") is a Delaware corporation with its principal place of business in Arizona.

2.  Plaintiff BFI Waste Services, LLC ("BFI") is a Delaware limited liability company with its principal place of business in Arizona. The sole member of BFI is Allied, a Delaware corporation with its principal place of business in Arizona.

3.  Defendant Lewis, King, Krieg & Waldrop, P.C. ("Lewis King") is a Tennessee professional corporation with its principal place of business in Tennessee.

- 1 -

8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 1 of 10 PageID #: 1

4. Defendant Linda Hamilton Mowles ("Mowles") is a Tennessee resident. At all times relevant to this complaint, Mowles was an attorney licensed to practice law in Tennessee. Additionally, Mowles currently is, and was at all times relevant to this Complaint, a shareholder and practicing attorney with Lewis King.

5. Defendant Deborah Stevens ("Stevens") is a Tennessee resident. At all times relevant to this Complaint, Stevens was an attorney licensed to practice law in Tennessee. At all times relevant to this Complaint, Stevens was a shareholder and practicing attorney with Lewis King.

## SUBJECT MATTER JURISDICTION

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) in that the parties are all diverse in citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

**A. The Underlying Lawsuit against Allied/BFI.**

8. On May 23, 2002, a fire occurred at the Nashville Thermal Transfer Facility, a waste-to-energy facility in Nashville, Tennessee owned by the Metropolitan Government of Nashville and Davidson County ("Metro Nashville"). The fire resulted in a total destruction of the facility.

9. As a result of the fire, Metro Nashville and its insurer sued multiple

- 2 -
8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 2 of 10 PageID #: 2

defendants, including Allied/BFI, for various causes of action related to the fire. Metro Nashville filed the lawsuit in the Fifth Circuit Court of Davidson County, Tennessee at Nashville, captioned as *Metropolitan Government of Nashville and Davidson County, et al. v. BFI Waste Services, LLC, et al.*, Case Number 05C390 T-5 ("Underlying Lawsuit").

10. Allied/BFI's insurer, American International Group, Inc. ("AIG"), retained the law firm of Levine, Orr & Geracioti, PLLC to defend Allied/BFI against the Underlying Lawsuit. Thus, an attorney-client relationship was established between Allied/BFI and the law firm acting as trial counsel.

11. Before the trial of the Underlying Lawsuit started, AIG retained Defendant Stevens and Lewis King as appellate specialists to monitor the trial and take the appropriate measures to preserve any and all potential appellate issues for Allied/BFI. An attorney-client relationship existed between Allied/BFI, on the one hand, and Lewis King, Stevens, and Mowles ("Defendants"), on the other hand.

12. The Underlying Lawsuit was tried to a jury beginning on September 27, 2010.

13. Lewis King attorneys sat through every day of trial, monitored the trial, and provided daily trial reports and analysis, allegedly focusing on any trial error or potential appellate issues.

14. On October 5, 2010, the jury returned a verdict in the amount of $7.2 million against Allied/BFI. On December 3, 2010, the trial court entered final judgment against Allied/BFI.

15. At some point after the jury returned its verdict, the scope of Defendants' representation of Allied/BFI was expanded to include providing assistance with the appropriate post-trial motions, as well as an appeal through the Tennessee appellate court system. In addition to the Defendants, another law firm, Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC, was also retained to represent Allied/BFI.

16. On January 3, 2011, Allied/BFI filed a Motion for Judgment

Notwithstanding the Verdict, Motion for New Trial, and Motion for Suggestion of Remittur ("Motion for New Trial"). Defendants were heavily involved in drafting, reviewing, and revising the motion.

17. The trial court denied Allied/BFI's Motion for New Trial in its entirety.

18. On or around March 9, 2011, Defendants filed a notice of appeal on behalf of Allied/BFI to the Court of Appeals of Tennessee at Nashville ("Court of Appeals"). Defendants played a key role in preparing Allied/BFI's appellate brief.

19. On March 22, 2012, the Court of Appeals issued its opinion. The Court of Appeals' opinion affirmed the actions of the trial court, but did so largely on the basis that several key issues had not been properly preserved for appeal and, as a result, were waived.

20. Defendants prepared and filed on Allied/BFI's behalf a petition for discretionary appeal to the Tennessee Supreme Court. During the pendency of the petition for discretionary appeal, the case was settled for an amount substantially larger than this Court's jurisdictional limit.

**B.**  **Defendants' Failure to Properly Preserve Issues for Appeal.**

21. Because Defendants had been retained as appellate experts, Allied/BFI trusted and relied on Defendants' judgment in determining which issues to include in Allied/BFI's post-trial filings. Furthermore, Defendants did not keep Allied/BFI adequately informed of the status of the post-trial motion and appellate briefing by failing, among other things, to involve Allied/BFI in strategy decisions as to what issues were included in the briefing as well as to provide Allied/BFI with copies of Metro Nashville's briefing in a timely manner.

22. As a result, it was not until the Court of Appeals issued its March 22, 2012 opinion that Allied/BFI learned, or could have reasonably discovered, that Defendants had actually failed to do exactly what Allied/BFI had retained them to do. Specifically,

Defendants failed to identify and preserve for appeal any errors that occurred before and during trial, including but not limited to, the trial court's erroneous exclusion of evidence such as Allied/BFI's expert witness testimony.

23. During discovery in the Underlying Lawsuit, Allied/BFI had learned that Metro Nashville intended to stop using the facility altogether in September 2002—just four (4) months after the fire occurred. As a result, one of the key issues related to Metro Nashville's alleged damages was the market value of the facility at the time of the fire. Allied/BFI intended to offer evidence that: (1) before the fire, Metro Nashville planned to discontinue the operations at the facility; and (2) the facility had a negative value at the time of the fire.

24. Allied/BFI retained construction expert Jonathon Held ("Held") to offer expert testimony as to the market value of the facility. Specifically, Held was prepared to testify about the diminution in value of the facility due to its obsolescence, which was far lower than Metro Nashville's alleged damages that were based on the cost of repairs that Metro Nashville never made and never intended to make.

25. On August 26, 2010, Metro Nashville filed a motion *in limine* to exclude Held's testimony concerning the diminution in value of the facility, alleging that Held was not a licensed appraiser and was thus prevented from offering an "appraisal report" pursuant to Tennessee Code Annotated (TCA) § 62-39-103. In addition, Metro Nashville's motion *in limine* asserted that, under Tennessee law, the only measure of damages was repair cost because, due to the exclusion of Held's testimony, Allied/BFI had no admissible evidence that the value of the facility was less than the cost of repairs. For that reason, Metro Nashville also moved to exclude evidence of its plans to discontinue use of the facility on the ground that such evidence was irrelevant.

26. The trial court granted the motion *in limine*, concluding that Held was not qualified to offer valuation opinions pursuant to TCA § 62-39-103. Additionally, the trial court excluded any opinion offered by Held regarding the future plans for, and

- 5 -
8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 5 of 10 PageID #: 5

obsolescence of, the facility just before the fire.

27. The trial court excluded Held's expert testimony as an improper appraisal despite the fact that he was not offering an "appraisal." As such, the trial court committed plain error in granting the motion *in limine*. The trial court's exclusion of Held's expert testimony was based on an erroneous interpretation of TCA § 62-39-103.

28. Defendants, along with the other law firms involved in the Motion for New Trial, failed to properly preserve the issue of the exclusion of this key evidence. As a result, the Court of Appeals concluded that Allied/BFI had waived this issue and that it could not be addressed on appeal.

29. Specifically, the Court of Appeals noted, "Mr. Held is not named in [Allied/BFI's] motion for new trial or supporting memorandum, nor is the exclusion of his valuation testimony expressly alleged as error in either." Moreover, the Court of Appeals explained that the issue very easily could have been included in the Motion for New Trial, "[W]e cannot agree with [Allied/BFI's] assertion that their objection to jury instructions and requests for offers of proof preserved the issue of the exclusion of Mr. Held's valuation testimony for appeal. [Allied/BFI's] alleged persistent calls for reconsideration of his exclusion throughout trial do not obviate Rule 3(e)'s requirement that grounds be 'specifically stated' in a motion for new trial, and <u>instead, the reconsideration requests only bolster the conclusion that Mr. Held's exclusion could have been specifically alleged as error in Defendant's motion</u>."

30. Additionally, Defendants failed to properly preserve the exclusion of other evidence, including but not limited to the trial court's exclusion of the testimony from a Metro Nashville employee as to intended demolition costs as well as evidence of the facility's pre-fire condition. The Court of Appeals concluded that these issues were also waived on appeal.

31. As a result of the failure of Defendants and the other law firms involved to properly preserve various issues for an appeal, Defendants and the other law firms

- 6 -

8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 6 of 10 PageID #: 6

involved caused Allied/BFI actual harm.

## COUNT ONE: LEGAL NEGLIGENCE

32. Allied/BFI hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 32.

33. An attorney-client relationship existed between Allied/BFI and each of the Defendants.

34. As Allied/BFI's legal counsel, the Defendants owed Allied/BFI a duty of reasonable care surrounding all matters in which the Defendants acted on Allied/BFI's behalf.

35. Defendants violated the applicable standard of care by, among other things, failing to properly preserve issues of trial error on appeal, including but not limited to the trial court's erroneous exclusion of expert testimony, testimony from a Metro Nashville employee as to intended demolition costs for the facility, as well as evidence of the facility's pre-fire condition.

36. Had Defendants acted with reasonable care by, among other things, taking measures appropriate to properly preserve issues on appeal, the Tennessee appellate courts would have determined that the trial court had committed reversible error and Allied/BFI would have been entitled to a new trial. At a new trial, Allied/BFI would have been allowed, among other things, to present expert testimony and other evidence such that a jury would have heard the actual market value of the facility and any verdict would have been non-existent or at least far lower than the one that was entered. That much lower value would then have become the measure of Metro Nashville's damages.

37. Because Allied/BFI trusted and relied on Defendants' judgment in determining which issues to include in Allied/BFI's post-trial filings, Allied/BFI did not learn that their injury was caused by the Defendants' negligent conduct until the issuance of the March 22, 2012 Court of Appeals' opinion.

38. Allied/BFI did not suffer actual harm as a result of Defendants' negligent actions until the issuance of the March 22, 2010 Court of Appeals' opinion.

39. As a direct and proximate result of the Defendants' negligent acts, Allied/BFI have suffered damages in an amount to be proven at trial but in no event less than the jurisdictional limits of this Court.

## COUNT TWO: BREACH OF CONTRACT

40. Allied/BFI hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 39.

41. Defendants agreed to provide competent legal advice and services to Allied/BFI in connection with the drafting and revising of any applicable post-trial motions as well as the appeal of the Underlying Lawsuit. Specifically, Defendants offered their expertise in identification and preservation of appellate issues.

42. The agreement involving Defendants, Allied/BFI, and AIG constitutes a binding contract between Allied/BFI, AIG, and the Defendants.

43. Allied/BFI fulfilled all of the terms and conditions of the agreement.

44. Defendants breached their contract with Allied/BFI by failing to exercise reasonable care and attention throughout their representation of Allied/BFI. Defendants breached the agreement by, among other things, failing to properly preserve trial errors for appeal.

45. Defendants' failure to competently represent Allied/BFI is a material breach of the parties' contract. As a direct and proximate result of Defendants' material breach, Allied/BFI have been damaged in an amount to be proven at trial but in no event less than the jurisdictional limits of this Court.

46. Allied/BFI were not aware of Defendants' breach of contract or that they suffered damages as a result of Defendants' breach of contract until the Court of Appeals

- 8 -
8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 8 of 10 PageID #: 8

issued its March 22, 2012 opinion.

47. Allied/BFI is entitled to its attorneys' fees and costs pursuant to the agreement between the parties.

## **COUNT THREE: BREACH OF FIDUCIARY DUTY**

48. Allied/BFI hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 47.

49. Defendants, as licensed legal professionals, owed a fiduciary duty to Allied/BFI under which Defendants were required to represent Allied/BFI with the utmost care, honesty, competency, and diligence.

50. Defendants breached their fiduciary duties owed to Allied/BFI when they, among other things, failed to properly preserve trial errors for an appeal, failed to keep Allied/BFI sufficiently informed of the status of the post-trial motion and appeal, and failed to timely inform Allied/BFI of Defendants' negligent omissions.

51. Allied/BFI were not aware of Defendants' breach of fiduciary duty or that they suffered damages as a result of Defendants' breach of fiduciary duty until the Court of Appeals issued its March 22, 2012 opinion.

52. As a direct and proximate result of Defendants' breaches, Allied/BFI have suffered damages in an amount to be proven at trial but in no event less than the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Allied/BFI requests judgment as follows:

A. Judgment against Defendants, individually and severally, for direct and consequential damages in an amount to be proven at trial;

B. Prejudgment interest and post-judgment interest on all damages awarded;
- 9 -
8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 9 of 10 PageID #: 9

C. Reasonable attorneys' fees pursuant to the agreement between Allied/BFI and Defendants;

D. Taxable costs and expenses of litigation pursuant to Fed. R. Civ. P. 54(d); and

E. Such other or further relief as the Court deems just and reasonable.

JURY DEMAND

Allied/BFI demand a jury trial.

Respectfully submitted this 20th day of March, 2013.

*/s/ Kenneth R. Jones, Jr.*
Kenneth R. Jones, Jr. (Tenn. BPR #7278)

Jones Hawkins & Farmer, PLC
One Nashville Place, Suite 1820
150 Fourth Avenue North
Nashville, TN 37219
Telephone: (615) 726-0050
Email: kjones@joneshawkinsfarmer.com

--and--

Douglas C. Northup, *pro hac vice motion to be filed*
Todd M. Allison, *pro hac vice motion to be filed*

Fennemore Craig, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: dnorthup@fclaw.com
Email: tallison@fclaw.com

Attorneys for Plaintiffs,
Allied Waste North America, Inc. and BFI Waste Services, LLC

- 10 -
8018645.3
Case 3:13-cv-00254   Document 1   Filed 03/20/13   Page 10 of 10 PageID #: 10