IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, INC., a Delaware corporation; and BFI WASTE SERVICES, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS, KING, KRIEG & WALDROP, P.C., a Tennessee professional corporation; LINDA HAMILTON MOWLES, an individual; DEBORAH STEVENS, an individual; LEVINE, ORR & GERACIOTI, PLLC, a Tennessee limited liability company; ROBERT ORR, JR., an individual; WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, a Georgia limited liability company; and TERRANCE SULLIVAN, an individual, <br><br> Defendants. | No. 3:13-cv-00254 <br><br> Judge Sharp <br> Magistrate Judge Griffin |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF ASSUMPTION OF RISK AND COMPARATIVE FAULT RELATING TO DEFENDANTS' CONTENTION THAT PLAINTIFFS SHOULD HAVE SETTLED THE UNDERLYING LAWSUIT**

Pursuant to Fed. R. Civ. P. 56, Plaintiffs Allied Waste North America, Inc. ("Allied") and BFI Waste Services, LLC ("BFI") (collectively, "Plaintiffs") move for partial summary judgment as to defenses arising out of the allegation that Plaintiffs should have settled the lawsuit underlying the instant legal malpractice lawsuit—specifically, that such decision not to settle constituted an assumption of risk, established comparative fault, was a proximate cause of their damages, or in any other way operates to reduce or eliminate the Defendants' liability or damages. As described in greater detail in Plaintiffs' contemporaneously filed memorandum in

- 1 -

9655268

support of partial summary judgment, Defendants cannot maintain these defenses as a matter of law.

Implied assumption of risk—the only type of assumption of risk that could possibly be at issue here—has been abolished and the reasonableness of a party's conduct in confronting a risk is instead to be determined under principles of comparative fault. *See Perez v. McConkey*, 872 S.W.2d 897, 905-06 (Tenn. 1994); *Baggett v. Bedford Cnty.*, 270 S.W.3d 550, 554 (Tenn. Ct. App. 2008). Thus, the only possible defense under which Defendants' settlement theory could be advanced is as a form of comparative negligence.

Defendants' comparative fault defense fails, however, because Plaintiffs' alleged decision not to settle the underlying lawsuit did not cause Defendants' malpractice or Plaintiffs' damages. When asserting comparative fault as a defense, the defendant has the burden to prove "that the plaintiff's negligence, if any, was a legal [proximate] cause of the plaintiff's damages." *See* Restatement (Third) of Torts: Apportionment Liab. §4 (2000). To be a "proximate cause" under Tennessee law, Plaintiffs' conduct in not settling the underlying lawsuit "must have been a 'substantial factor' in bringing about the harm being complained of" and there must be "no rule or policy that should relieve [Defendants] from liability." *King v. Anderson Cnty.*, 419 S.W.3d 232, 247 (Tenn. 2013) (citation omitted).

Plaintiffs' non-settlement of the underlying lawsuit was not a substantial factor in causing Defendants' malpractice and the damages resulting therefrom. As the Seventh Circuit Court of Appeals has held, a client's non-settlement of a lawsuit plays **no role at all** in causing such damages. *See Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1462 (7th Cir. 1996); *see also Mercer v. Vanderbilt University, Inc.*, 134 S.W.2d 121 (Tenn. 2004) (refusing in the medical malpractice context to allow a negligent doctor to assert that the patient was comparatively at

- 2 -
9655268
Case 3:13-cv-00254   Document 75   Filed 10/23/14   Page 2 of 5 PageID #: 481

fault: "patients who may have negligently injured themselves are nevertheless entitled to subsequent non-negligent medical treatment and to an undiminished recovery if such subsequent non-negligent treatment is not afforded.") (internal quotation marks and citation omitted).

Similarly, considerations of policy and common sense militate against relieving negligent attorneys from liability arising from their malpractice whenever their client declined to settle the litigation. *See, e.g., Galvin*, 86 F.3d at 1463 (there is no legal duty to settle a case). This is critical because "[p]roximate cause is the legal means of enforcing key policy decisions *limiting* liability." *King*, 419 S.W.3d at 247 (citation omitted) (emphasis added). As a practical matter, adopting a rule effectively granting attorneys immunity for malpractice simply by advising their clients that they should settle would result in attorneys advising settlement in every case, regardless of the risks and benefits to the client. As explained more in the memorandum, such a rule would fundamentally and fatally corrupt the fiduciary duty of an attorney to his client of independent judgment that is the cornerstone of the legal system.

Defendants' assumption of risk and comparative fault defenses relating to Plaintiffs' non-settlement of the underlying lawsuit fail as a matter of law. Plaintiffs are entitled to summary judgment on those defenses and respectfully urge the Court to grant summary judgment in their favor on the same. Plaintiffs respectfully request that the Court grant their motion.[1]

---

[1] Plaintiffs also request oral argument on this motion, as explained more fully in their contemporaneously filed motion for oral argument.

Respectfully submitted this 23rd day of October, 2014.

          s/ *Douglas C. Northup*
Douglas C. Northup (admitted *pro hac vice*)
Carrie Pixler Ryerson (admitted *pro hac vice*)

Fennemore Craig, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: dnorthup@fclaw.com
Email: cryerson@fclaw.com

- and -

Kenneth R. Jones, Jr. (Tenn. BPR #7278)
James W. White (Tenn. BPR #011886)
Jones Hawkins & Farmer, PLC
One Nashville Place, Suite 1820
150 Fourth Avenue North
Nashville, TN 37219
Telephone: (615) 726-0050
Email: kjones@joneshawkinsfarmer.com
Email: jwhite@joneshawkinsfarmer.com

*Attorneys for Plaintiffs*
*Allied Waste North America, Inc. and BFI Waste Services, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2014, the foregoing **Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses of Assumption of Risk and Comparative Fault Relating to Defendants' Contention that Plaintiffs Should Have Settled the Underlying Lawsuit** was electronically transmitted to the Clerk's Office using the CM/ECF system for filing and service via transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. All non-registered parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Darrell G. Townsend
Howell & Fisher
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
Email: dtownsend@howell-fisher.com
*Counsel for Lewis, King, Krieg & Waldrop and*
*Linda Hamilton Mowles and Deborah Stevens*

David B. Scott
T. William A. Caldwell
Ortale, Kelley, Herbert & Crawford
330 Commerce Street, Suite 110
P. O. Box 198985
Nashville, TN 37219-8985
Email: dscott@ortalekelley.com
Email: wcaldwell@ortalekelley.com
*Counsel for Weinberg, Wheeler, Hudgins, Gunn & Dial*
*and Terrance Sullivan*

Darryl G. Lowe
Gregory Brown
Lowe, Yeager & Brown
Riverview Tower, Suite 2102
900 S. Gay Street
Knoxville, TN 37902
Email: dgl@lyblaw.net
Email: gb@lyblaw.net
*Counsel for Levine, Orr & Geracioti, PLLC*
*and Robert Orr*

s/ *Douglas C. Northup*