# EXHIBIT 6

**IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**
**TWENTIETH JUDICIAL DISTRICT OF TENNESSEE**

METROPOLITAN GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA                                    **PLAINTIFFS**

**V.**                                                                    **CASE NO.: 05C390**

BFI WASTE SERVICES, LLC,
CLASSIC PRIDE & ASSOCIATES, LLC,
MCKINNEY LUMBER, INC., McVANTAGE
PACKAGING, LLC, AND ALLIED WASTE
NORTH AMERICA, INC.                                           **DEFENDANTS**

## PLAINTIFFS' MOTION TO ENFORCE COURT'S ORDERS
## AND FOR APPROPRIATE SANCTIONS

COME NOW Plaintiffs Metropolitan Government of Nashville and Davidson County ("Metro") and Travelers Property Casualty Company of America ("Travelers") (collectively "Plaintiffs"), by and through counsel, and file this Motion to Enforce Court's Orders and for Appropriate Sanctions, and in support thereof state the following:

1.      On December 4, 2006, Plaintiffs filed a Motion for Leave to Amend Complaint and Incorporated Memorandum of Law, seeking to conform their pleading to the evidence that had arisen during the course of discovery, including adding Allied Waste North America as a party defendant to this action.

2.      On February 7, 2007, Defendant BFI filed its Opposition to Metro's Motion to Add Allied Waste as a Defendant, arguing that Allied should not be added as a defendant because, inter alia, Allied did not have anything to do with the daily operations of BFI at the Nashville Thermal Transfer Plant.

3.      On March 7, 2007, Plaintiffs filed their Reply to Defendants' Joint Response to Plaintiffs' Motion to Amend their Complaint.

573582

LOG_0017275

4.     On March 9, 2007, the Court conducted a hearing on this matter and granted Plaintiffs' Motion to Amend.

5.     Immediately following the March 9, 2007 hearing, the parties participated in a Scheduling Conference with Special Master Marsh Nichols, wherein it was agreed that counsel for Plaintiffs would submit a Rule 30.02(6) deposition notice to counsel for Allied Waste, the appropriate representative(s) would be designated, and the deposition scheduled. A Scheduling Order ordering this discovery was then entered by this Court on April 19, 2007. *See* Exhibit "A," Scheduling Order, entered April 19, 2007

6.     On November 15, 2007, Plaintiffs provided counsel for Allied Waste with a draft 30.02(6) deposition notice and requested that the deposition be scheduled in December or January. *See* Exhibit "B," November 15, 2007, Letter from Alexandra Markov to Michael Geracioti.

7.     Since counsel for Allied Waste did not respond to Plaintiffs' counsel's repeated attempts to agree on a date for this deposition, Plaintiffs noticed the deposition for January 24, 2008.

8.     The parties ultimately agreed to re-schedule this deposition for March 25, 2008, and Allied's counsel agreed not to object to the taking of this deposition after the February 1, 2008, discovery deadline in effect at that time. The parties filed an Agreed Order memorializing this agreement. *See* Exhibit "C," Agreed Order Extending Deadline for Completion of Fact Witness Discovery Depositions, entered February 8, 2008.

9.     The week before the Allied Waste deposition was set to take place, counsel for Allied contacted Plaintiffs' counsel and advised that the individual that had been designated to testify on behalf of Allied Waste, Ms. Michelle Casey, would not

offer much substantive testimony and that Mr. Wayne Gill would be Allied Waste's main corporate designee. Based on this representation, the parties agreed to reschedule the corporate deposition.

10.     Since that date, Plaintiffs have made several attempts to obtain mutually available dates to take Allied Waste's corporate deposition and counsel for Allied Waste has not responded to these emails, voice messages, and letters.

11.     Since counsel for Allied Waste would not respond to Plaintiffs' counsel's attempts to agree on a date, on July 28, 2008, Plaintiffs re-noticed this deposition for August 27, 2008, in Nashville since the prior deposition that was set in Scottsdale, Arizona was canceled based on the representations of Allied's counsel that Ms. Casey had little, if any, knowledge regarding facts relevant to this action and its corporate witness would be Mr. Wayne Gill, who resides in Nashville. *See* Exhibit "D," July 25, 2008, Letter from Alexandra Markov to Michael Geracioti.

12.     Now, over a year after this Court ordered that this deposition take place and numerous attempts have been made to set it, counsel for Allied has advised that "because [they] are satisfied that there is no information relevant to the issues in this case known to anyone at Allied Waste in Arizona that is any different from the information already in the record, there is no reason to spend the time and the money to take their depositions." *See* Exhibit "E," August 1, 2008, Letter from Robert Orr to Alexandra Markov. This letter further advises that if Plaintiffs insist on taking the deposition that this Court has already ordered to take place, it will file a motion with this Court asking that Plaintiffs be prohibited from taking the corporate deposition of a party defendant in this case until a decision has been made on the merits of their summary judgment motion.

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 3 of 28 PageID #: 2945   LQG_0017277

This argument is completely illogical – especially considering the fact that this very Defendant asked that Plaintiffs agree to extend the dispositive motion deadline – just two days before such deadline – arguing that relevant information might be discovered during this deposition that might bear on the issues in its summary judgment motion. Allied Waste's suggestion that it can simply assert that it has no relevant knowledge and that this is a sufficient reason to deny Plaintiffs the right to depose this party is absurd.

13.     This Court ordered Allied Waste to participate in discovery and give a deposition in this case more than a year ago, and Allied Waste has completely avoided and ignored Plaintiffs' attempts to do so. Plaintiffs respectfully hereby move the Court to enforce its Orders allowing the deposition of this party Defendant, and further order that this deposition proceed as noticed on July 27, 2008 in Nashville, Tennessee. Further, pursuant to Rule 37 of the Tennessee Rules of Civil Procedure, Plaintiffs seek appropriate sanctions against Allied Waste for failing to make a good faith effort to comply with this Court's Orders. *See* Tenn. R. Civ. P. 37.02 (stating that "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust"); *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982) ("The trial courts of Tennessee must and do have the discretion to impose sanctions . . . in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders."). Allied Waste's actions make clear that its failure to fully comply with this Court's Orders allowing for discovery and the deposition of this Defendant was not substantially justified, and there are no circumstances which would

make an award of expenses unjust. Accordingly, Plaintiffs request that this Court award them the reasonable expenses and attorneys' fees associated with filing this Motion, and such other sanctions as the Court deems appropriate.

Respectfully submitted,

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY**

**And**

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

By:

*Joseph Broy by apm*
JOSEPH BROY   *with permission*

*Alexandra Markov*
JIM WARREN
ALEXANDRA F. MARKOV
Admitted *Pro Hac Vice*

**OF COUNSEL:**
Joseph L. Broy, Esq., TN Bar #019317
Law Offices of Scott C. Campbell
6750 Poplar Avenue, Suite 412
Germantown, Tennessee 38138
Telephone:     (901) 756-3016
Facsimile:      (901) 756-3171
jbroy@travelers.com

James L. Warren, Esq., MS Bar #6966
Alexandra Markov, Esq., MS Bar #100428
Admitted *Pro Hac Vice*
CARROLL WARREN & PARKER
P. O. Box 1005
Jackson, MS 39215-1005
Telephone:     (601) 592-1010
Facsimile:      (601) 592-6060

573582

5

## NOTICE OF HEARING

THIS MOTION WILL SET ON A DATE IN THE FUTURE TO BE DETERMINED BASED UPON THE AVAILABILITY OF THE COURT AND COUNSEL FOR THE PARTIES.

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 6 of 28 PageID #: 2948   LQG_0017280

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served via United States Mail, postage prepaid, or as otherwise indicated, a true and correct copy of the above and foregoing to the following:

Michael A. Geracioti, Esq.
Robert Orr, Jr., Esq.
Levine, Orr & Geracioti
210 Third Avenue North
P.O. Box 190683
Nashville, TN 37219-0683

**COUNSEL FOR BFI WASTE SERVICES, LLC &
ALLIED WASTE NORTH AMERICA, INC.**

Alan M. Sowell, Esq.
150 Second Avenue North, Suite 201
Nashville, TN 37201-1934

**COUNSEL FOR CLASSIC PRIDE & ASSOCIATES, LLC**

Richard C. Mangelsdorf, Jr., Esq.
Leitner, Williams, Dooley & Napolitan, PLLC
414 Union Street, Suite 1900
Bank of America Plaza
Nashville, TN 37219-1782

**COUNSEL FOR MCKINNEY LUMBER, INC. &
MCVANTAGE PACKAGING, LLC**

THIS the 5th day of August, 2008.

_Alexandra Markov_
Alexandra P. Markov

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 7 of 28 PageID #: 2949   LQG_0017281

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

2007 APR 19 PH 1:24

RICHARD R. ROOKER, CLERK

METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Plaintiffs,

vs.

BFI WASTE SERVICES, LLC,
CLASSIC PRIDE & ASSOCIATES, LLC,
McKINNEY LUMBER, INC., AND
McVANTAGE PACKAGING, LLC.,

      Defendants.

No. 05C-390
JURY DEMAND

---

## SCHEDULING ORDER

On March 9, 2007, counsel for all parties assembled in the offices of the Honorable Marsh Nichols, Special Master. Following extensive and comprehensive discussion, the following schedule was developed:

    (1)    The proper party to be added to this litigation by Third Amended Complaint is ALLIED WASTE NORTH AMERICA, INC., (hereinafter Allied Waste);

    (2)    After service of process on Allied Waste and within the time provided for by the T.R.C.P., counsel for Allied Waste will file responsive pleadings;

    (3)    Counsel for Metro will submit a Rule 30.02(6) Deposition Notice to counsel for Allied Waste. When the appropriate representative of Allied Waste has been identified and his/her deposition scheduled, counsel for Allied Waste will so advise the Special Master by phone.

Page 1 of 4

EXHIBIT
A

(4)　All fact witnesses and party representative discovery, including Motions to Compel, if any, will be completed on or before August 1, 2007. In that regard, the defendants wish to depose David Manning, Metro Finance Director, Paul Lettau of Travelers Insurance, and to redepose, or resume the deposition of, Chace Anderson, former Director of Solid Waste Management at Metro Public Works.

(5)　Any Motion to Amend or Supplement the pleadings will be filed on or before August 15, 2007;

(6)　In the event developments arise which cause the goals of this Scheduling Order to be unobtainable, counsel will so advise the Special Master by phone.

(7)　All other matters are reserved.

Enter this __19__ day of __April__, 2007.

_____
JUDGE AMANDA McCLENDON

_____
MARSH NICHOLS, SPECIAL MASTER

Page 2 of 4

APPROVED FOR ENTRY:

_Alexandra F Markov by ROj s/permission_

**Alexandra F. Markov      MBPRN 100428**
Attorney for Travelers Property & Casualty, Inc. and
Metropolitan Government of Nashville & Davidson County
Carroll Warren Parker PLLC
188 East Capital Street, Suite 1200
P.O. Box 1005
Jackson, MS 39215-1005
(601) 592-1010

**Robert Orr, Jr.          BPRN 4573**
Attorneys for BFI Waste Services, LLC and
Allied Waste North America, Inc.
Levine, Orr & Geracioti
210 Third Avenue North
P. O. Box 190683
Nashville, Tennessee 37219
(615) 244-4944

_Alan M Sowell by ROj s/permission_

**Alan M. Sowell,          BPRN 11690**
Attorney for Classic Pride
Ruth, Howard, Tate & Sowell
150 Second Ave N,  Ste 201
Nashville, TN 37201-1934
(615) 256-1125

_Richard C. Mangelsdorf, Jr. by ROj s/permission_

**Richard C. Mangelsdorf, Jr.,BPRN 12707**
Attorney for McKinney Lumber, Inc., and
McVantage Packaging, LLC
Leitner, Williams, Dooley & Napolitan, PLLC
414 Union Street, Suite 1900
Nashville, TN 37219
(615) 255-7722

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 10 of 28 PageID #: 2952   LOG_0017284

## CERTIFICATE OF SERVICE

On this the _24th_ day of April 2007, I hereby certify that a true and correct copy of the foregoing was served on the following by U. S. Mail, postage prepaid:

Joe Broy, Esq.
Attorney for Metro and Travelers
6750 Poplar Avenue
Suite 412
Germantown, TN 38138-7416

Richard C. Mangelsdorf, Jr., Esq.
Attorney for McKinney Lumber, Inc.
Leitner, Williams, Dooley & Napolitan,
PLLC
414 Union Street, Suite 1900
Nashville, TN 37219

Alan M. Sowell, Esq.
Attorney for Classic Pride
Ruth, Howard, Tate & Sowell
150 Second Ave N Ste 201
Nashville, TN 37201-1934

Alexandra F. Markov, Esq.
Attorney for Travelers Property &
Casualty, Inc., and Metropolitan
Government of Nashville and Davidson
County
Carroll Warren Parker PLLC
188 East Capital Street
Suite 1200
P.O. Box 1005
Jackson, MS 39215-1005

**ROBERT ORR, JR.**

RO/recy/IIFI Sched. Ord-03-28-07 00100-00398

Page 4 of 4

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 11 of 28 PageID #: 2953   LOG_0017285



November 15, 2007

<u>**VIA EMAIL & U.S. MAIL**</u>
Mike Geracioti, Esq.
Levine, Orr & Geracioti
P. O. Box 190683
Nashville, TN 37219-0683

Re:   *Metropolitan Government of Nashville and Davidson County and Travelers Property
      Casualty Company of America v. BFI Waste Services, LLC, Classic Pride & Associates,
      LLC, McKinney Lumber, Inc., McVantage Packing, LLC, and Allied Waste North
      America, Inc.: Docket No. 05C390*

Dear Mike,

As you know, we would like to take the corporate deposition of Allied Waste North America,
Inc. ("Allied Waste") in December or January. Enclosed please find a draft Notice of Rule
30.02(6) Corporate Deposition of Allied Waste. We may make a few changes to the draft
notice, but wanted to send it to you as soon as possible so that you may talk to your client and
give us proposed dates and locations to depose the appropriate representative(s).

I look forward to hearing from you.

Sincerely,

CARROLL WARREN & PARKER PLLC

*Alexandra Markov*

Alexandra F. Markov
amarkov@cwplaw.com

AFM/bf

cc:   Joe Broy, Esq. (w/encl.) (via U.S. Mail)
      Alan M. Sowell, Esq. (w/encl.) (via Email & U.S. Mail)
      Richard C. Mangelsdorf, Jr., Esq. (w/encl.) (via Email & U. S. Mail)

550948

EXHIBIT
B

IN THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT OF TENNESSEE

METROPOLITAN GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA                          **PLAINTIFFS**

V.                                                    **CASE NO.: 05C390**

BFI WASTE SERVICES, LLC,
CLASSIC PRIDE & ASSOCIATES, LLC,
MCKINNEY LUMBER, INC.,
MCVANTAGE PACKAGING, LLC., and
ALLIED WASTE NORTH AMERICA, INC.                      **DEFENDANTS**

## NOTICE OF RULE 30.02(6) DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs, METROPOLITAN GOVERNMENT OF

NASHVILLE AND DAVIDSON COUNTY ("Metro") AND TRAVELERS PROPERTY

CASUALTY COMPANY OF AMERICA, will take the Rule 30.02(6) deposition of Allied

Waste North America, Inc. ("Allied"), on _____, 2007 at _____, or soon thereafter, at

_____. The deposition will continue from day to day until completed and will be

recorded via videotape and stenographic means in order to preserve the deposition testimony for

future use in any manner allowed by the Tennessee Rules of Civil Procedure and/or Local Rules

of this Court.

Allied shall make available, for the purpose of offering testimony, its corporate

representative(s) with the most knowledge about the following areas of inquiry:

1.      The corporate acquisition of BFI Waste Services, LLC ("BFI") by Allied.

2.      All discovery requests served by Plaintiffs on Allied, responses to same, and all

documents produced in response to same.

548077_1.DOC

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 13 of 28 PageID #: 2003   DOC_0017287

3. All requests for production of documents served by Plaintiffs on BFI, BFI's responses to same, and all documents produced in response to same.

4. The corporate identity and corporate structure of Allied.

5. The corporate identity and corporate structure of BFI.

6. Metro's contract with BFI and/or Allied for the building and operation of a new waste facility to replace the NTTC Facility and for the removal of excess trash from the tip floor.

7. Allied's involvement with the building and operation of the new waste facility to replace the NTTC Facility and for the removal of excess trash from the tip floor, and/or its supervision over BFI regarding same.

8. All of Allied's policies, procedures, and guidelines in place at the time of the loss, May 23, 2002, including but not limited to: quality control and quality assurance; policies and procedures for choosing and managing contractors or subcontractors; corporate policies and/or procedures regarding fire prevention, fire hazards, and/or waste as a fire hazard; policies and procedures for employee training; safety policies and procedures; and operating policies and procedures.

Said representative(s) shall also produce at the deposition the following:

1. All documents reflecting the corporate acquisition of BFI by Allied.

2. All documents regarding the corporate identities of Allied and BFI.

3. Any documents you deem necessary to fully and adequately testify to any of the areas of inquiry listed above.

You are invited to attend and participate in the deposition as you deem appropriate.

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 14 of 28 PageID #: 2968   LOG_0017288

METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

**Respectfully submitted,**

BY: _____
      JIM WARREN
      ALEXANDRA F. MARKOV
      Admitted *Pro Hac Vice*

<u>OF COUNSEL:</u>

Joe Broy, Esq.
6750 Poplar Ave., Suite 412
Germantown, TN 38138
Telephone:   (901) 756-3046
Facsimile:   (901) 756-3171

Jim Warren, Esq. (MS Bar #6966)
Alexandra F. Markov, Esq. (MS Bar #100428)
Admitted *Pro Hac Vice*
CARROLL WARREN & PARKER
P. O. Box 1005
Jackson, MS 39215-1005
Telephone:   (601) 592-1010
Facsimile:   (601) 592-6060

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 15 of 28 PageID #: 2007   LOG_0017289

## CERTIFICATE OF SERVICE

. This is to certify that the undersigned has this day served via United States Mail, postage prepaid, or as otherwise indicated, a true and correct copy of the above and foregoing to the following:

Michael Geracioti, Esq.
Robert Orr, Jr., Esq.
Levine, Orr & Geracioti
210 Third Avenue North
P.O. Box 190683
Nashville, TN 37219-0683

**COUNSEL FOR BFI WASTE SERVICES, LLC &
ALLIED WASTE NORTH AMERICA, INC.**

Alan M. Sowell, Esq.
150 Second Avenue North
Suite 201
Nashville, TN 37201-1934

**COUNSEL FOR CLASSIC PRIDE & ASSOCIATES, LLC**

Richard C. Mangelsdorf, Jr., Esq.
Leitner, Williams, Dooley & Napolitan, PLLC
414 Union Street, Suite 1900 ,
Bank of America Plaza
Nashville, TN 37219-1782

**COUNSEL FOR MCKINNEY LUMBER, INC. &
MCVANTAGE PACKAGING, LLC**

THIS the _____ day of November, 2007.

_____
Attorney for Plaintiffs

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 16 of 28 PageID #: 2983_0017290

# IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED
2008 FEB -8  AM 10:44

NASHVILLE METRO GOVERNMENT AND )
TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, )
                       )
       Plaintiffs, )
                       )
vs.                     )      No. 05C-390
                       )
BARGE, WAGGONER, SUMNER AND )
CANNON, INC., HARDAWAY CONSTRUCTION )
CORPORATION, et al, )
                       )
       Defendants. )

---

## AGREED ORDER EXTENDING DEADLINE FOR COMPLETION OF FACT WITNESS DISCOVERY DEPOSITIONS

---

This matter last came before the Special Master of the Circuit Courts for Davidson County, Tennessee for a Case Management and Scheduling Conference on October 26, 2007. At that time, a deadline for completing fact witness discovery depositions of February 1, 2008 was imposed. The parties have been able to schedule all fact witness discovery depositions before February 1, 2008, with one exception, and that is the designated representative(s) of Allied Waste. It has been agreed by the parties that the Allied Waste corporate designee's deposition(s) can be taken after the February 1, 2008 deadline. The amendment to the Scheduling Order to allow this deposition after February 1, 2008 will not affect any other deadline currently imposed. The parties are currently reserving March 25 for this deposition, which will take place at Allied's offices in Scottsdale, Arizona at a mutually agreeable time.



EXHIBIT
C

Based upon the agreement of the parties and the fact that the requested extension will not affect any other deadline in this matter, the Court hereby ORDERS that the current Scheduling and Case Management Order be amended to allow for the completion of the Allied Waste corporate designee's deposition(s) to take place after February 1, 2008.

Enter this _____8___ day of ___Feb___, 2008.

_____
JUDGE WALTER C. KURTZ


**APPROVED FOR ENTRY:**


_____        BPR # 13362
Mary Ashley Nichols
Special Master
(615) 880-2555


_____
Alexandra F. Markov
Jim Warren
Attorneys for Metropolitan Nashville Davidson County
**CARROLL WARREN & PARKER**
One Jackson Place - Suite 1200
188 East Capitol Street
P.O. Box 1005
Jackson, MS 39215-1005
(601) 592-1010

Germantown, TN 38138-7416
*Attorneys for Travelers*

Michael A. Geracioti

metro AGREED ORDER EXTENDING DEADLINE 1-22-08/A0100-398

LOG_0017293



CARROLL WARREN & PARKER PLLC    POST OFFICE BOX 1005    TELEPHONE: (601) 592-1010
188 EAST CAPITOL STREET, SUITE 1200    JACKSON, MISSISSIPPI    FACSIMILE: (601) 592-6060
JACKSON, MISSISSIPPI (39201)    39215-1005    WEB: WWW.CWPLAW.COM

July 25, 2008



EXHIBIT
D

**VIA EMAIL & U.S. MAIL**
Mike Geracioti, Esq.
Levine, Orr & Geracioti
P. O. Box 190683
Nashville, TN 37219-0683

Re:   *Metropolitan Government of Nashville and Davidson County and Travelers Property Casualty Company of America v. BFI Waste Services, LLC, Classic Pride & Associates, LLC, McKinney Lumber, Inc., McVantage Packing, LLC, and Allied Waste North America, Inc.*; Docket No. 05C390

Dear Mike,

As you know, we have been trying to schedule the corporate deposition of Allied Waste North America, Inc. ("Allied Waste") for quite some time now. I have tried to get in touch with you several times to get confirmation on proposed dates, but have not heard back from you.

The "provisional" designation of representatives that you previously sent me states that the following individuals will testify regarding the areas in our Notice of Rule 30.02(6) Corporate Deposition of Allied Waste as follows:

1b-e:   Wayne Gill
1f:   Candy Mallernee
2:   Michele Casey
3:   Michele Casey
4:   Candy Mallernee
5:   Candy Mallernee
6-10   Wayne Gill

Since you have not responded to our recent attempts to obtain dates that are convenient for you and the above-referenced witnesses, we are re-noticing the deposition Monday, July 28, 2008. You will note that we are planning to conduct this deposition in Nashville. We were prepared to travel to Arizona to depose Ms. Casey (and had rescheduled personal travel in order to accomplish that), but shortly before leaving for Arizona we agreed to postpone the deposition based on your representation that Ms. Casey would not offer much substantive testimony and that Wayne Gill would be Allied Waste's main corporate designee. It is our view that Ms. Casey and the other representatives should make themselves available in Nashville.

If you or your witnesses are unavailable on August 27, 2008, will work with you to reschedule, but only upon confirmation of an alternate date. Otherwise please have your witnesses ready to proceed on that date in Nashville.

573218

I look forward to hearing from you.

Sincerely,

CARROLL WARREN & PARKER PLLC

Alexandra F. Markov
amarkov@cwplaw.com

AFM/bf

cc:     Joe Broy, Esq. (w/encl.) (via U.S. Mail)

573218

# IN THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## TWENTIETH JUDICIAL DISTRICT OF TENNESSEE

**METROPOLITAN GOVERNMENT OF NASHVILLE**
**AND DAVIDSON COUNTY AND TRAVELERS PROPERTY**
**CASUALTY COMPANY OF AMERICA**                                        **PLAINTIFFS**

**V.**                                                                 **CASE NO.: 05C390**

**BFI WASTE SERVICES, LLC,**
**CLASSIC PRIDE & ASSOCIATES, LLC,**
**MCKINNEY LUMBER, INC.,**
**MCVANTAGE PACKAGING, LLC., and**
**ALLIED WASTE NORTH AMERICA, INC.**                                   **DEFENDANTS**

## RE-NOTICE OF RULE 30.02(6) DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs, METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY ("Metro") AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, will take the Rule 30.02(6) deposition of Allied Waste North America, Inc. ("Allied"), on August 27, 2008 at 9:00 AM or soon thereafter, at the Doubletree Hotel, Volunteer Room, 315 4th Avenue North, Nashville, TN, 37219-1693. The deposition will continue from day to day until completed and will be recorded via videotape and stenographic means in order to preserve the deposition testimony for future use in any manner allowed by the Tennessee Rules of Civil Procedure and/or Local Rules of this Court.

Allied shall make available, for the purpose of offering testimony, its corporate representative(s) with the most knowledge about the following areas of inquiry:

1. Details regarding the corporate acquisition of BFI Waste Services, LLC ("BFI") by Allied including:

      a.      The date of the acquisition;

548077

b. How the acquisition affected the BFI office that provided services to Metro;

c. How the acquisition affected the BFI employees that were involved in providing services to Metro, including but not limited to, Wayne Gill, Danny Almeling, and Jim McNaughton;

d. How the acquisition affected BFI's contract with Classic Pride;

e. What corporate policies and procedures were utilized at BFI from the date of the acquisition forward, including all dates relevant to this lawsuit; and

f. Whether or not Allied agreed in its acquisition of BFI to assume any or all of the liabilities associated with BFI's service to Metro and/or the liabilities alleged in this lawsuit.

2. All discovery requests served by Plaintiffs on Allied, responses to same, and all documents produced in response to same.

3. All requests for production of documents served by Plaintiffs on BFI, BFI's responses to same, and all documents produced in response to same.

4. The corporate identity and corporate structure of Allied.

5. The corporate identity and corporate structure of BFI.

6. Metro's contracts with BFI and/or Allied.

7. Allied's position as to the reason BFI and/or Allied undertook to remove excess trash from the tip floor.

8. Allied's involvement with the building and operation of the new waste facility to replace the NTTC Facility and for the removal of excess trash from the tip floor, and/or its supervision over BFI regarding same.

548077

2

9.     Whether Allied was directly involved or not in the removal of excess trash from the tip floor, Allied's position as to how a project of that nature should have been undertaken including but not limited to the proper staffing and proper amount of equipment necessary to do the job.

10.     All of Allied's policies, procedures, and guidelines in calendar year 2002 and since then if there have been any changes.  Policies, procedures, and guidelines that Allied's representative will be questioned about include, but are not limited to: quality control and quality assurance; issues described in Paragraph 9 above; policies and procedures for choosing and managing contractors or subcontractors; corporate policies and/or procedures regarding fire prevention, fire hazards, and/or waste as a fire hazard; policies and procedures for employee training; safety policies and procedures; and operating policies and procedures.

Said representative(s) shall also produce at the deposition the following:

1.     All documents addressing the issues identified in Paragraph 1(and its subparts) above regarding the corporate acquisition of BFI by Allied;

2.     All documents regarding the corporate identities of Allied and BFI;

3.     All documents that are requested in the requests for production;

4.     All documents addressing the issues raised in paragraphs 4 through 8;

5.     All policies, procedures and guidelines identified in paragraph 9 above; and

6.     Any documents you deem necessary to fully and adequately testify to any of the areas of inquiry listed above.

You are invited to attend and participate in the deposition as you deem appropriate.

548077                                          3

METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

Respectfully submitted,


BY: _____
        JIM WARREN
        ALEXANDRA F. MARKOV
        Admitted *Pro Hac Vice*


**OF COUNSEL:**

Joe Broy, Esq.
6750 Poplar Ave., Suite 412
Germantown, TN 38138
Telephone:    (901) 756-3046
Facsimile:    (901) 756-3171

Jim Warren, Esq. (MS Bar #6966)
Alexandra F. Markov, Esq. (MS Bar #100428)
Admitted *Pro Hac Vice*
CARROLL WARREN & PARKER
P. O. Box 1005
Jackson, MS 39215-1005
Telephone:    (601) 592-1010
Facsimile:    (601) 592-6060

548077                          4

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served via United States Mail, postage prepaid, or as otherwise indicated, a true and correct copy of the above and foregoing to the following:

Michael Geracioti, Esq.
Robert Orr, Esq.
Levine, Orr & Geracioti
210 Third Avenue North
P.O. Box 190683
Nashville, TN 37219-0683

**COUNSEL FOR BFI WASTE SERVICES, LLC & ALLIED WASTE NORTH AMERICA, INC.**

Alan M. Sowell, Esq.
150 Second Avenue North
Suite 201
Nashville, TN 37201-1934

**COUNSEL FOR CLASSIC PRIDE & ASSOCIATES, LLC**

Richard C. Mangelsdorf, Jr., Esq.
Leitner, Williams, Dooley & Napolitan, PLLC
414 Union Street, Suite 1900
Bank of America Plaza
Nashville, TN 37219-1782

**COUNSEL FOR MCKINNEY LUMBER, INC. & MCVANTAGE PACKAGING, LLC**

THIS the 25th day of July 2008.

_____
Attorney for Plaintiffs

Case 3:13-cv-00254   Document 99-10   Filed 11/17/14   Page 26 of 28 PageID #: 2908   LOG_0017300

RECEIVED
AUG 04 2008

# LEVINE, ORR & GERACIOTI

ATTORNEYS AT LAW

210 THIRD AVENUE, NORTH

POST OFFICE BOX 190683

· NASHVILLE, TENNESSEE 37219-0683

ROBERT ORR, JR. ♦
MICHAEL A. GERACIOTI
KATHERINE A. AUSTIN
RICHARD D. MOORE
PETER S. ROSEN
JILL A. HANSON
DALE A. TIPPS

SARA O. THOMAS
TIMOTHY A. DROWN

Of Counsel:
LAWRENCE E. LEVINE

♦ Certified as Civil
Trial Specialist;
Listed as a Rule
31 Mediator.

E-mail: rorr@levineorr.com
TELEPHONE (615) 244-4944

FACSIMILE (615) 244-7664

August 1, 2008

Alexandra F. Markov, Esq.
Carroll Warren Parker PLLC
188 East Capital Street, Ste. 1200
P.O. Box 1005
Jackson, MS 39215-1005



EXHIBIT
E

Re:   Nashville Metro Government, et al v. BFI, et al
      Davidson County Circuit No. 05C-390

Dear Alex:

Alan Sowell has already filed, and sent to you his copy of, his Motion for Summary Judgment. Now it is my turn.

Enclosed, please find the Motion for Summary Judgment I have now prepared and filed on behalf of both BFI and Allied Waste. The Motion is equally applicable to both BFI and Allied Waste because the exact same allegations are made against both.

Now that our Motion for Summary Judgment is on file, and because we are satisfied that there is no information relevant to the issues in this case known to anyone at Allied Waste in Arizona that is any different from the information already in the record, there is no reason to spend the time and the money to take their depositions. If you insist, we will take the matter up with Judge Binkley, asking him to hold off on discovery of the Allied Waste people until he has had an opportunity to consider the merits of our Motion.

As you know, no one filed any opposition to the motion of Chuck Mangelsdorf asking Judge Binkley to order mediation in this case. For all that, as I believe you already know, we have extended all our authority to settle this case and, understandably, we are not asking for any more. I cannot, of course, speak for Alan Sowell and Classic Pride, but, under the circumstances, I would be very surprised if his client were willing to offer any more settlement authority either. Evidently, the McKinney people have authorized Chuck to attempt to reach a settlement at the mediation. If his people want to reach a separate settlement with Metro, we have no objection to that and, indeed, no grounds for objection.

I am sincere when I say to you that I look forward to reading your response to my Motion.

With kindest personal regards, I am

Very truly yours,

LEVINE, ORR & GERADICTI

Robert Orr, Jr.

Encls.: BFI/Allied Waste Motion for Summary Judgment
BFI/Allied Waste Statement of Undisputed Facts, with references
to the record, attached
BFI/Allied Waste Memorandum in Support of Motion for
Summary Judgment

Cc: Alan Sowell, Esq. (w/encls.)
Chuck Mangelsdorf, Esq. (w/encls.)
James L. Charles, Esq. (w/encls.)

ROjr/ecg-bfi ATT markov 080108/A0100-398