# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVLLE

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, INC., ) <br> and BFI WASTE SERVICES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEWIS, KING, KRIEG & WALDROP, PC, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 3:13-cv-254 <br> Sharp / Griffin |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO AMEND

In this cause, Defendants have filed a joint motion to amend their answers, pursuant to Rule 15(a)(2), FED. R. CIV. P., to allege that Plaintiffs BFI/Allied failed to mitigate damages, as required by law, by failing to consider a reasonable settlement opportunity and failing to settle the underlying case before, or even during, trial.

### BACKGROUND

Defendants, after having already filed responsive pleadings, learned through discovery that Plaintiffs had an excellent opportunity to settle the underlying case shortly before trial for around $500,000. The case could have been settled in that range even during the trial and up to the time the jury rendered a $7,200,000 verdict. On June 24, 2014, Jim Warren, the attorney in the underlying case for Metro Nashville, testified that his client offered to settle the underlying case for $985,000.00 approximately one month

before trial, did not withdraw that offer even after several adverse rulings by the trial court against BFI/Allied, and maintained that offer up to, and even during, the trial. Mr. Warren also testified that the case could have been settled before or during the trial, or even up to the time of the jury verdict, for approximately $500,000.00.

Defense counsel also learned from the deposition testimony of Mark Piccirillo, on October 14, 2014, that Plaintiffs' liability insurance carrier, AIG, strongly advised BFI/Allied to settle the underlying case before trial.

**LAW AND ARGUMENT**

This Court ruled on March 23, 2015 that Defendants may not rely on a failure to mitigate damages defense, in part, because said defense is an affirmative defense required to be specifically pled and none of the Defendants had pled it in their answers. [Doc. 133]

Defendants now jointly seek approval from the Court to amend their answers to include this defense. Under FED. R. CIV. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In determining whether to grant a motion to amend under Rule 15(a), the Sixth Circuit has held that a number of factors should be considered, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of amendment . . . ." *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458-59 (6th Cir. 2001). However, "[d]elay by itself is not sufficient reason to deny a motion

to amend. Notice and substantial prejudice to the opposing party are critical facts in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458-59.

I. <u>**Undue Delay**</u>.

In this cause, there has not been any undue delay in filing the motion to amend. Rule 8(c), FED. R. CIV. P., which lists defenses that must be affirmatively stated, does not list failure to mitigate as an affirmative defense. Similarly, Rule 8.03, TENN. R. CIV. P., lists defenses that must be affirmatively pled and also does not include failure to mitigate as an affirmative defense. Thus, it was only after the Court's ruling on March 20, 2015 [Docs. 132, 133] that defense counsel learned the Court considers failure to mitigate to be an affirmative defense, and there has been no undue delay in filing the motion to amend.

II. <u>**Lack of Notice**</u>

Plaintiffs have been aware throughout the discovery process that all Defendants rely upon Plaintiffs' failure to settle the underlying case as a defense. This is evidenced by the deposition questions to Plaintiffs' representative, Michele Casey; to the AIG claims representative, Mark Piccirillo; to deposing counsel in the underlying case, Jim Warren; and by Plaintiffs' motion for partial summary judgment [Doc. 75] filed on October 27, 2014.

### III. Bad Faith

There has been no bad faith by the Defendants related to this issue.

### IV. Failure to Cure Deficiencies

There has been no repeated failure to cure deficiencies by previous amendments since there have been no previous amendments.

### V. Undue Prejudice to Opposing Party

There has been no undue prejudice to the opposing party because Plaintiffs have been aware throughout the discovery process that all Defendants rely on Plaintiffs' failure to settle as a defense, as demonstrated by the history of this case as set out above.

### VI. Futility of Amendment

While Plaintiffs will likely argue the motion to amend is futile based on the Court's ruling, Defendants submit they are entitled to properly preserve this defense in the event an appeal is taken by any party.

This Court cited *Maness v. Collins*, 2010 WL 4629614, at *11 (Tenn. Ct. App., Nov. 17, 2010) for the proposition that Tennessee law establishes "the failure to mitigate damages is an affirmative defense." The *Maness* case, and the cases upon which it relies, are breach of employment contract cases which require evidence that comparable, suitable employment was available to the former employee in order to mitigate damages, unless seeking other employment would have been futile. The Court of Appeals stated that "[t]he failure to mitigate damages is an affirmative defense. *Id.*" The Court's citation is unclear, but it could have referenced either *Frye v. Memphis State University*, 806

S.W.2d 170 (Tenn. 1991) or *Denney v. Lovett*, 2006 WL 1915303 at *9 (Tenn. Ct. App., July 11, 2006). However, neither of those cases, cited as precedent, hold that failure to mitigate damages is an affirmative defense required to be affirmatively pled by a defendant.

Although *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 808 (8th Cir. 2013), cited by this Court, holds that the defendant in that case waived the affirmative defense of failure to mitigate damages by not pleading it, the facts are dissimilar. In *Smithway*, the defendant proceeded to trial without seeking to amend its answer to allege failure to mitigate. Irrespective of whether failure to mitigate damages is an affirmative defense which has to be pled, unlike the defendant in *Smithway*, Defendants herein are seeking to amend their answers to allege failure to mitigate damages and have not waived it. The *Smithway* court also indicated that the inclusion of failure to mitigate damages as an issue in a final pretrial order saved the issue from waiver under Rule 8(c), even though the defendant had failed to plead the issue. In this case, there has been no final pretrial order and Defendants retain the option to amend their answers.

WHEREFORE, Defendants respectfully submit that this Court should enter an Order allowing them to file an amended answer raising the defense of failure to mitigate damages.

Respectfully submitted this 1st day of April, 2015.

LOWE, YEAGER & BROWN

By: _____s/ Darryl G. Lowe_____
    Darryl G. Lowe    BPR # 002104
    Gregory Brown    BPR # 027944
    *Counsel for Levine, Orr & Geracioti, PLLC, and Robert Orr, Jr.*
    Riverview Tower, Ste 2102
    900 S. Gay Street
    Knoxville, Tennessee 37902
    (865) 521-6527
    dgl@lyblaw.net
    gb@lyblaw.net


HOWELL & FISHER

By: _____s/ Darrell G. Townsend_____
    Darrell G. Townsend    BPR # 005460
    *Counsel for Lewis, King, Krieg & Waldrop, Linda Hamilton Mowles, and Deborah Stevens*
    300 James Robertson Parkway
    Court Square Building
    Nashville, TN 37201-1107
    (615) 244-3370
    dtownsend@howell-fisher.com


ORTALE, KELLEY, HERBERT & CRAWFORD

By: _____s/ David B. Scott_____
    David B. Scott    BPR# 012240
    T. William A. Caldwell    BPR# 027130
    *Counsel for Weinberg, Wheeler, Hudgins, Gunn & Dial and Terrance Sullivan*
    200 Fourth Avenue North, Third Floor
    P.O. Box 198985
    Nashville, TN 37219-8985
    (615) 256-9999
    dscott@ortalekelley.com
    wcaldwell@ortalekelley.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Douglas C. Northup, Esq.
Carrie Pixler Ryerson, Esq.
Fennemore Craig, P.C.
2394 E. Camelback Rd, Ste. 600
Phoenix, AZ 85016-3429
dnorthup@fclaw.com
cryerson@fclaw.com

James W. White, Esq.
Jones, Hawkins & Farmer, PLC
One Nashville Place, Ste 1820
150 Fourth Avenue North
Nashville, TN 37219
jwhite@joneshawkinsfarmer.net

Darrell G. Townsend, Esq.
Howell & Fisher
300 James Robertson Pkwy, 3rd Floor
Nashville, TN 37201-1107
dtownsend@howell-fisher.com

David B. Scott, Esq.
T. William A. Caldwell, Esq.
Ortale, Kelley, Herbert & Crawford
P.O. Box 198985
Nashville, TN 37219-8985
dscott@ortalekelley.com
wcaldwell@ortalekelley.com

                                        s/ Darryl G. Lowe
                                Darryl G. Lowe      BPR # 002104