UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, INC., a Delaware corporation; and BFI WASTE SERVICES, LLC, a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>v.<br><br>LEWIS, KING, KRIEG & WALDROP, P.C., a Tennessee professional corporation; LINDA HAMILTON MOWLES, an individual; DEBORAH STEVENS, an individual; LEVINE, ORR & GERACIOTI, PLLC, a Tennessee limited liability company; ROBERT ORR, JR., an individual; WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, a Georgia limited liability company; and TERRANCE SULLIVAN, an individual,<br><br>      Defendants. | No. 3:13-00254<br>Judge Sharp |

**ORDER**

On March 20, 2015, this Court entered an Order and 42-page Memorandum that granted in part, and denied in part, Defendants' Motions for Summary Judgment in this legal malpractice action. Allied Waste No. Am., Inc. v. Lewis, King, Krieg & Waldrop, P.C., 2015 WL 1279579 (M.D. Tenn. Mar. 20, 2015). Among many other things, the Court disagreed with the Weinberg Wheeler Defendants' position that the Tennessee Court of Appeals would have found no abuse of discretion in excluding the expert testimony of Jonathan Held, and that Plaintiffs were not comparatively at fault in failing to settle the underlying litigation. The former conclusion is the subject of the Weinberg Wheeler Defendants' Motion to Reconsider (Docket No. 134), and both

1

conclusions are the subject of those Defendants' Motion to Certify Issues for Interlocutory Appeal (Docket No. 145).

"[A] motion to reconsider should not be used to re-litigate issues previously considered." Am. Marietta Corp. v. Essroc Cement Corp., 59 F.App'x 668, 672 (6th Cir. 2003). That is, its purpose is not to offer litigants a "second bite at the apple." Golden Bridge Tech., Inc. v. Apple Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (collecting cases). Rather, "[c]ourts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error of law or prevent manifest injustice." Louisville/Jefferson Cnty., Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009).

Here, the Weinberg Wheeler Defendants do not point to a change in the law or new evidence. Rather, they "ask for reconsideration on the grounds that the Court misapplied principles of appellate review when it attempted to determine the basis for and effect of Judge Binkley's decision on the motion in limine regarding Mr. Held's qualifications," pointing out that "[i]n Tennessee, the Court of Appeals will affirm the decision of a trial court when the trial court reaches the correct result even when predicated on the wrong reason." (Docket No. 134 at 2). Defendants further argue:

> Binding precedent from the Tennessee Court of Appeals establishes that it is well-within the discretion of a trial court to exclude expert real estate valuation opinions proffered by a witness who concedes he is not an expert in the field. Smith County v. Eatherly, 820 S.W.2d 366, 368 (Tenn. Ct. App. 1991) ("A trial court may properly decline to qualify a witness as a valuation expert when the witness concedes a lack of expertise in the field of real estate values"); Brookside Mills, Inc. v. D.W. Moulton, 404 S.W.2d 258, 264 (Tenn. Ct. App. 1965) ("In view of the witnesses admitted lack of qualification to testify on real estate values, we see no error in the exclusion of their testimony"). This principle seems so obvious that it was serendipitous that the Court of Appeals twice considered this precise point.

(Id. at 4-5).

This Court is well aware of the standard of review on appeal, and fairly adept at grasping principles that are "seeming[ly] so obvious." Yet as the Court pointed out in its prior opinion, it is not clairvoyant, and, frankly, neither are the Weinberg Wheeler Defendants.

True, a correct result will be affirmed even if not for the reasons stated, and a trial judge has discretion to exclude expert real estate valuation opinions proffered by one who is admittedly not an expert. However, Judge Binkley's discretion may well have been exercised based upon his misreading of the statute, and, unlike the cumulative testimony of the expert in Brookside Mills on which Defendants rely, "Judge Binkley's misapplication of the statute effectively gutted Allied/BFI's damages case, particularly since the exclusion of Held had a domino effect on other evidence." Allied Waste, 2015 WL 1279579, at *20. Moreover, the Tennessee Court of Appeals has, in fact, remanded cases where an expert's qualifications are not considered under the proper standards, and the Court cited two such cases in its prior opinion. The Motion to Reconsider will be denied.

The Motion to Certify Issues for Interlocutory Appeal will also be denied. So far as relevant, Section 1292 of Title 28 provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "Congress thus chose to confer on district courts first line discretion to allow

3

Case 3:13-cv-00254   Document 151   Filed 06/02/15   Page 3 of 6 PageID #: 5585

interlocutory appeals." Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995). "Once such a certification occurs, the court of appeals may in its discretion accept the certification – and appeal." In re Lindsey, 726 F.3d 857, 858 (6th Cir. 2013).

"Review under § 1292(b) is granted sparingly and only in exceptional cases." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). Such review is appropriate where "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id.

For a number of reasons, this is not the exceptional case warranting interlocutory review. The Weinberg Wheeler Defendants obviously disagree with this Court's conclusion on the two issues, but that is not a basis for interlocutory appeal. MarketGraphics Research Group, Inc. v. Berge, 2014 WL 738052, at *4 (M.D. Tenn. Feb. 20, 2015); see also, Couch v. Telescope Inc., 611 F.3d 629, 634 (9th Cir. 2010) (citation omitted) ("The district court correctly held that '[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'").

As for the Held exclusion issue, the Court of Appeals, just like this Court, would be called upon to predict what the Tennessee Court of Appeals would have done, and it has been stated that the need to make predictions about how another court would have ruled is not a proper basis for interlocutory review. See, Hulmes v. Honda Motor Co., Ltd., 936 F. Supp. 195, 211 (D.N.J. 1996) (stating that "the Third Circuit would be forced to predict whether this court's prediction of the New Jersey Supreme Court's probable ruling, if faced with the facts of this case, was correct," and "respectfully suggest[ing] that the Third Circuit is in no better position to make such a prediction

4

than is this court"). Further, the Sixth Circuit has indicated that its standard of review on interlocutory appeal is "limited to 'consider[ing] only pure questions of law,'" Sanders v. Allison Engine Co., Inc., 703 F.3d 930, 936 (6th Cir. 2012), yet reviewing this Court's resolution of the Held exclusion will require the Court of Appeals to plow through the record, something it is probably reticent to do more than once. See, Village of Roxana v. Shell Oil Co., 2014 WL 860157, at *3 (S.D. Ill. Mar. 5, 2014) (an issue that cannot "be decided quickly and cleanly without studying the record" is "not a question of law within the meaning of section 1292(b)").

As for the refusal to settle issue, an interlocutory appeal would not cure the deficiency when Defendant did not plead failure to mitigate as an affirmative defense. Regardless, this Court's interpretation of the comparative fault issue could not be a misapplication of Tennessee law because courts in this state apparently have not addressed the issue in the context presented here. Further, while Defendants cite a split in authority between Pontiac Sch. Dist. v. Miller, Canfield, Paddock and Stone, 563 N.W.2d 693 (Mich. Ct. App. 1997) and Scognamillo v. Olsen, 795 P.2d 1357 (Co. Ct. App. 1990) on the one hand, and Am. Int'l Adjustment Co v. Galvin, 86 F.3d 1455 (7th Cir. 1996) on the other, this does not suggest the substantial ground for difference of opinion necessary for an interlocutory appeal under Section 1292(b). See, Union County, Iowa v. Piper Jaffray & Co., 525 F.3d 643, 647 (8th Cir. 2008) (citation omitted) ("While identification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement," . . . "'a dearth of cases' does not constitute 'substantial ground for difference of opinion.'"); Dukes v. Wal-Mart Stores, Inc., 2012 WL 6115536, at * 3 (N.D. Cal. Dec. 10, 2012) (for purposes of Section 1292(b), "split in non-binding authority cuts in both directions and weighs little in the Court's analysis").

5

On the basis of the foregoing, the Weinberg Wheeler Defendants' Motion to Reconsider (Docket No. 134), and Motion to Certify Issues for Interlocutory Appeal (Docket No. 145) are hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE