IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, INC,; and BFI WASTE SERVICES, LLC | ) ) ) |
| v. | ) No. 3-13-0254 |
| LEWIS, KING, KRIEG & WALDROP, P.C.; HAMILTON MOWLES; DEBORAH STEVENS; LEVINE, ORR & GERACIOTI, PLLC; ROBERT ORR, JR.; WEINBERG WHEELER, HUDGINS, GUNN & DIAL, LLC; and TERRANCE SULLIVAN[1] | ) ) ) ) ) ) ) ) ) |

O R D E R

As a housekeeping matter, the motion filed by defendants Sullivan and Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC to certify issues for interlocutory appeal (Docket Entry No. 143) was DENIED by order entered June 2, 2015 (Docket Entry No. 151), and the Clerk is directed to terminate that motion as pending.

As provided herein, the defendants' joint motion to amend (Docket Entry No. 137) is DENIED.

The defendants seek to amend their respective answers by adding a defense of failure to mitigate their damages, as follows:

> Plaintiffs BFI/Allied have failed to mitigate its damages by unreasonably failing to avail itself of an opportunity to settle the underlying case before trial while being faced with potential damages approximately eighteen times the amount the case could have been settled for, in the face of numerous and significant adverse rulings by the trial court.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to

---

[1] By stipulation of dismissal filed on June 17, 2013 (Docket Entry No. 24), the claims against defendant Michael A. Geracioti were dismissed without prejudice. By stipulation of dismissal filed on August 13, 2013 (Docket Entry No. 38), the claims against Scott A. Witzigreuter were dismissed without prejudice.

1

amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "apparent or declared reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Pedreira v. Kentucky Baptist Homes for Children, 579 F.3d 722, 729 (6th Cir. 2009), cert. denied, _ U.S. _, 131 S.Ct. 2091, 179 L.Ed.2d 889 (2011), and _ U.S. _, 131 S.Ct. 2143, 179 L.Ed.2d 889 (2011); Miller v. Administrative Office of the Courts, 448 F.3d 887, 898 (6th Cir. 2006); Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005); Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001).

The Court of Appeals for the Sixth Circuit has consistently held that Rule 15(a) requires that amendments are to be granted with liberality. See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Mfg. Co., 699 F.2d 330 (6th Cir. 1983). The significant factor to consider in determining whether a motion to amend should be denied is the degree of prejudice to the defendants if the amended complaint were to be granted, Hageman v. Signal L. P. Gas, Inc., 486 F.2d 479 (6th Cir. 1973), and the corollary factor of whether the defendants have been on notice of the possibility of an amendment, or alternatively, whether the proposed amendment is a surprise to the non-moving party. Moore v. City of Paducah, supra; Howard v. Kerr Glass Mfg. Co., supra. See also Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458-59 (6th Cir. 2001); Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980). Delay, by itself is not a basis for denial of a motion to amend, without some significant showing of prejudice to the non-moving party. Morse v. McWhorter, 290 F.3d 795, 800-801 (6th Cir. 2002); United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989); Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989); Moore, 790 F.2d at 562; Hageman, 486 F.2d at 484. However, the Sixth Circuit has also held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of

2

the Federal Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980).

In addition, when a party seeks to amend in the late stages of a case, the moving party bears "an increased burden to show justification for failing to move earlier." Wade, 259 F.3d. at 459. See also Bridgeport Music, Inc. v. Dimension Films, 383 F.3d 390, 403 (6th Cir. 2004); Leary v. Daeschner, 349 F.3d 888, 904-909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306-07 (6th Cir. 2000); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

The Sixth Circuit expressly addressed the intersection between Rule 15(a) and Rule 16(b) in Leary, supra, in which the Court made it clear that "[o]nce the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." 349 F.3d at 909. The Court also explained that a party seeking to file a motion to amend after the deadline must show that "despite their diligence they could not meet the original deadline." Id. at 907. See Korn v. Paul Revere Life Ins. Co., 382 Fed.Appx. 443, 449 (6th Cir. June 25, 2010); Shane v. Bunzl Distribution USA, Inc., 275 Fed.Appx. 535, 536 (6th Cir. Apr. 30, 2008); Leffew v. Ford Motor Co., 258 Fed.Appx. 772, 777 (6th Cir. Dec. 14, 2007). This District has consistently followed Leary. See Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 2013 WL 1332804 (M.D. Tenn. Mar. 28, 2013); Stewart v. King, 2011 WL 237678 (M.D. Tenn. Jan. 24, 2011); Youngblood v. Prudential Ins. Co., 706 F.Supp.2d 831 (M.D. Tenn. 2010).

The order entered October 8, 2013 (Docket Entry No. 45), provided a February 24, 2014, deadline for filing motions to amend the pleadings. That deadline has not been extended, nor have the defendants sought to extend that deadline. By order entered February 24, 2014 (Docket Entry No. 49), certain deadlines were extended, including the May 30, 2014, deadline for completion of

3

fact discovery, which was extended to July 28, 2014. However, counsel for the parties did not request an extension of the February 24, 2014, deadline for filing motions to amend during the February 24, 2014, conference call with the Court.

The plaintiffs filed a motion for partial summary judgment on October 23, 2014 (Docket Entry No. 75), seeking summary judgment on the defendants' affirmative defenses of assumption of risk and comparative fault relating to defendants' contention that the plaintiffs should have settled the underlying lawsuit. In their responses (Docket Entry Nos. 92, 94, and 97), the defendants raised the plaintiffs' failure to mitigate damages because of their failure to settle. In their reply (Docket Entry No. 115), the plaintiffs argued that the defendants had waived any failure to mitigate defense by failing to plead it as an affirmative defense.

By order entered March 20, 2015 (Docket Entry No. 133), the Court agreed with the plaintiffs, finding that the defendants had waived any failure to mitigate defense by failing to assert it as an affirmative defense. The Court also found that, regardless of the waiver, there is no duty to settle cases that serve as the basis for a subsequent legal malpractice claim.

The Court acknowledges that the plaintiffs were aware of the defendants' reliance on the plaintiffs' failure to settle and that the failure to settle was addressed in depositions. Therefore, the plaintiffs cannot rely on the element of surprise or lack of notice to oppose the defendants' motion. In addition, the factor of repeated failure to cure deficiencies is not a consideration.

The defendants argue that there has been no undue delay in filing the motion to amend because it was only after the Court ruled on March 20, 2015, that failure to mitigate must be pled as an affirmative defense that the defendants were aware that a motion to amend was necessary. The plaintiffs maintain that the defendants' position is belied by the fact that counsel for defendant Levine, Orr & Geracioti, PLLC raised failure to mitigate damages as an affirmative defense in December of 2013, in another legal malpractice action. The plaintiffs also point out that the defendants were certainly aware of the issue by November 24, 2014, when the plaintiffs argued waiver of the failure to mitigate defense in their reply (Docket Entry No. 115), and that the

defendants were aware of the facts underlying the failure to mitigate defense no later than August 14, 2014, when the last of two depositions in which the issue was raised was taken.

What is striking is not only the delay in the defendants' moving to amend their answers but also the fact that they have never sought to amend the deadline for filing motions to amend. The defendants could have taken a proactive approach once they read the plaintiffs' reply and realized that the failure to assert failure to mitigate as an affirmative defense was an issue. Had the defendants filed a motion to amend their answers after review of the plaintiffs' reply or at any point during the period of time the motion was pending, the Court would have had the opportunity to address the motion to amend in the context of the then-pending motions. However, the defendants chose not to do that and instead waited until an adverse ruling from the Court to seek to amend their answers.

By order entered October 8, 2013 (Docket Entry No. 45), the trial was scheduled on February 24, 2015, and the parties indicated that it could last ten (10) days. By order entered March 20, 2015 (Docket Entry No. 133), the trial was rescheduled to July 21, 2015. However, at least some of the attorneys had scheduling conflicts with the July 21, 2015, date. To accommodate the schedules of the multiple parties, who are themselves attorneys and one is now a judge, and their counsel in rescheduling a trial that could last over two weeks, by order entered May 5, 2015 (Docket Entry No. 146), the trial was reset from July 21, 2015, to March 8, 2016.

The defendants maintain that there is no prejudice to the plaintiffs because they were aware that the defendants intended to raise the mitigation issue as a defense. On the other hand, the plaintiffs suggest that discovery might have to be reopened if the amendments were permitted. The July 28, 2014, deadline for completion of all fact discovery has long since passed. And significantly, the October 27, 2014, deadline for filing dispositive motions has also passed. Over the period of time from June 30, 2014, through December 4, 2014, dispositive motions (Docket Entry Nos. 53, 75, 79, 80, and 85) were filed and fully briefed, and a hearing was held on February 9, 2015. By order entered March 20, 2015 (Docket Entry No. 133), those motions were addressed, and a motion

for reconsideration (Docket Entry No. 134) denied by order entered June 2, 2015 (Docket Entry No. 151).

Moving the trial to March 8, 2016, certainly provides additional time for the parties to engage in pretrial activity as a result of any amended answers. However, if the defendants were permitted to amend their answer, the plaintiffs would be entitled to an additional period of time for discovery, if necessary, and, most significantly, the plaintiffs would be entitled to file another dispositive motion to dismiss the newly added affirmative defense. Another round of briefing and consideration by the Court would be required. Putting the plaintiffs to that task is clearly prejudicial.

It is simply too late to amend the pleadings after the dispositive motions have been filed, briefed, and resolved.

In addition, the Court is persuaded that the defendants' assertion of the affirmative defense of mitigation in this case would be futile. The Court specifically found that, even if there were no waiver by failing to assert the affirmative defense of failure to mitigate, "litigants have no duty to settle cases which serve as the basis for a subsequent legal malpractice claim." Docket Entry No. 132, at 42.

For these reasons, the Court finds that the defendants should not be permitted to file amended answers to assert an affirmative defense of failure to mitigate.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge