# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ALLIED WASTE NORTH AMERICA, INC., and BFI WASTE SERVICES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:13-cv-254 Sharp / Griffin |
| LEWIS, KING, KRIEG & WALDROP, PC, et al., | ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' OBJECTION TO THE MAGISTRATE'S ORDER REGARDING DEFENDANTS' MOTION TO AMEND</u>

Come the Defendants, Lewis, King, Kreig & Waldrop, PC, et al., and hereby file this objection, pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72.02(b)(1), to Magistrate Judge Griffin's Order, issued and filed on June 22, 2015. (Docket No. 152).

In this case, Defendants filed a Joint Motion to Amend their respective answers in less than two weeks after the Court issued its Order holding that failure to mitigate was an affirmative defense, which Defendants had waived by failing to include the defense in their answers. Thus, Defendants were diligent in seeking to amend their answers once it became known they were required to do so. Further, there is no significant prejudice to Plaintiffs, as Plaintiffs were aware throughout the discovery phase of this litigation that Defendants relied on their failure to settle the underlying litigation to negate fault and/or damages on behalf of the Defendants. Additionally, in a case where Plaintiffs are claiming

1

millions of dollars in damages, Plaintiffs are not unduly prejudiced by potential additional costs and/or time spent litigating dispositive motions if the amendment is granted. Instead, Defendants would be unduly damaged were they not allowed to pursue all legitimate defenses. Furthermore, the amendment is not futile, because the Court's prior holding that Plaintiffs had no duty to settle relied on a case that only considered a client's failure to settle in the context of contributory negligence, <u>not</u> mitigation of damages.

For these reasons, the Court should reject the magistrate judge's recommended disposition, and should instead issue an Order allowing Defendants to amend their respective answers to include mitigation of damages as an affirmative defense.

## Background

During discovery, Defendants learned that Plaintiffs had an opportunity to settle the underlying case shortly before trial for around $500,000, yet failed to even attempt to settle despite several adverse rulings against Plaintiffs, and despite the admonitions of Plaintiffs' claim adjuster. In fact, Plaintiffs could have settled the case for around $500,000 up to the time the jury rendered a $7,200,000 verdict. (See Docket Entry No. 138, at 1-2). Defendants' knowledge of these facts did not occur until after Defendants had already filed responsive pleadings and after the deadline provided by the Scheduling Order for filing motions to amend the pleadings. However, Defendants had asserted comparative fault of Plaintiffs in their answers.

On October 23, 2014, Plaintiffs filed a motion for partial summary judgment moving for judgment on Defendants' affirmative defenses based on Plaintiffs' failure to settle. (Docket Entry No. 75). In response, Defendants argued that Plaintiffs' negligence could

2

be considered in determining fault and/or damages under Tennessee' Comparative Fault Doctrine, and further that Plaintiffs' had a duty to mitigate damages. (Docket Entry No. 92). Plaintiffs replied that Defendants had waived any failure to mitigate defense by failing to plead the defense in its answers. (Docket Entry No. 115).

The Court granted Plaintiffs' motion, holding that failure to mitigate was an affirmative defense, and that Defendants had waived the defense by failing to assert such their Answers. (Docket Entry No. 133). Less than two weeks after this ruling, Defendants filed a Joint Motion to Amend their respective answers to affirmatively assert failure to mitigate as a defense. (Docket Entry No. 137). Plaintiffs responded, arguing that the amendment was untimely and futile. (Docket Entry No. 142). The magistrate judge has now filed her Order, denying Defendants' Joint Motion to Amend on the grounds of undue delay, prejudice, and futility. (Docket Entry No. 15). Defendants hereby object to the magistrate's judge's ruling pursuant to Fed. R. Civ. P. 72.

## Standard

When a pretrial matter not dispositive of a party's claim or defense is heard and decided by a magistrate judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## Objections

Defendants object to the magistrate's Order on the following grounds: First, the magistrate's holding that Defendants' Joint Motion to Amend was untimely in that Plaintiffs

3

would be prejudiced by the fact that dispositive motions had already been argued and resolved is contrary to law. In contrast, Defendants were diligent in seeking an amendment, and Plaintiffs would not be prejudiced significantly enough by an amendment to warrant denial. Second, the magistrate's reliance on the Court's holding that Plaintiffs' have no duty to settle is in error, because the Court's holding relied on a case that only considered a plaintiff's duty to settle in the context of contributory negligence, <u>not</u> a plaintiff's duty to mitigate damages.

**I.    The Magistrate's holding that Defendants' Joint Motion to Amend was untimely in that Plaintiffs would be prejudiced is contrary to law.**

To address this error, Defendants first review the law applicable to the issue before the Court. Pursuant to Fed. R. Civ. P. 8(c)(1), a party must affirmatively plead any affirmative defense. Additionally, the Rule provides a list of affirmative defenses, which includes "contributory negligence," but does not include "mitigation of damages." *Id.* In general, a failure to plead an affirmative defense results in waiver of that defense. *Murphy v. Lazarev*, 589 Fed. Appx. 757, 763 (6th Cir. 2014). However, "[f]ailure to raise an affirmative defense by responsive pleading does not always result in waiver." *Id.* (quoting *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir).

"The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond." *Id.* (quoting *Smith*). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Id.* (quoting *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d

4

1439, 1445 (6th Cir. 1993) (quoting *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir. 1989))).

Additionally, Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and instructs that "[t]he court should freely give leave [to amend] when justice so requires." Courts have held that Rule 15(a)(2) permits a party to amend a pleading to assert an omitted affirmative defense. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). "Factors that may affect [the determination to permit an amendment] include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). Undue delay, by itself, is not grounds for denying a motion to amend without some significant showing of prejudice to the non-moving party. *Morse v. McWhorter*, 290 F.3d 795, 800-801 (6th Cir. 1994).

When, as in this case, the deadline for amending pleadings established by the Court's scheduling order has passed, "a [party] must first show good cause under Rule 16(b) for failure to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.... Another relevant consideration is

5

possible prejudice to the party opposing the modification."  Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625* (6th Cir. 2002) (internal citations and quotation marks omitted).

In this case, Defendants claimed comparative negligence as an affirmative defense in their initial answers.  Although Plaintiffs argue that Defendants lacked no excuse for initially raising mitigation of damages as an affirmative defense, mitigation of damages is not explicitly listed as an affirmative defense in Fed. R. Civ. P. 8, and courts have acknowledged that "distinguishing between contributory or comparative negligence and mitigation of damages can be challenging.... As the two doctrines 'are in reality the same, and ... the distinction which exists is rather one between damages which are capable of assignment to separate causes, and damages which are not.'"  *BP Exploration & Oil Co. v. Maintenance Services, Inc.*, 313 F.3d 936, 944 (6th Cir. 2002) (quoting W. Page Keeton, *et al.*, *Prosser & Keeton on the Law of Torts* § 65, at 459 (5th Ed. 1984).  Defendants pled comparative fault as a defense in their original Answers, but did not become aware that they were required to specifically plead mitigation of damages as an affirmative defense, in addition to pleading comparative fault, until the Court's Order of March 20, 2015. (Docket Entry No. 133).  After that Order, Defendants filed a Joint Motion to Amend in less than two weeks.  (Docket Entry No. 137).  Thus, Defendants were diligent in seeking to amend their answers once it became clear that they were required to affirmatively plead mitigation of damages as a defense.

Furthermore, granting Defendants leave to amend would produce no significant prejudice to Plaintiffs.  The magistrate judge acknowledged that "plaintiffs were aware of the defendants' reliance on the plaintiffs' failure to settle and that the failure to settle was

6

addressed in depositions," and that because of this knowledge, "plaintiffs cannot rely on the element of surprise or lack of notice to oppose the defendants' motion." (Docket Entry No. 152, at). Instead, the magistrate judge focused only on the fact that the deadline for discovery and dispositive motions has passed. Although the magistrate acknowledged that the new trial date of March 8, 2016 provides additional time for the parties to engage in these activities, the magistrate stated that "most significantly, the plaintiffs would be entitled to file another dispositive motion to dismiss the newly added affirmative defense. Another round of briefing and consideration by the Court would be required. Putting the plaintiffs to that task is clearly prejudicial. It is simply too late to amend the pleadings after the dispositive motions have been filed, briefed, and resolved." (Docket Entry No. 152, at 6). In short, the magistrate held that Defendants had unduly delayed in filing their motion to amend because Plaintiffs would be prejudiced by the fact that dispositive motions had already been argued and resolved.

Contrary to the magistrate's assertions, there is no legal authority that prevents a court from granting a motion to amend after dispositive motions have been filed and resolved. Instead, courts have discretion to modify scheduling orders for good cause. Fed. R. Civ. P. 16, 17. Further, "[a]n important factor in determining whether to deny a motion to amend because of undue prejudice is whether the prejudice can be eliminated by conditions attached to the granting of the motion." *Aida Engineering, Inc. v. Red Stag, Inc.*, 629 F.Supp. 1121, 1128 (E.D. Wi. 1986) (granting motion to amend on condition that the trial date be rescheduled and time for discovery be extended) (citing *Armstrong Cork Co.*, supra). Here, the extension of the trial date has already eliminated any serious

7

prejudice to Plaintiffs.  *See York v. Lucas County, Ohio*, No. 3:13cv-13535, 2015 WL 2384096, at *5 (N.D. Oh.) ("any prejudice to Defendants was negated when the previously scheduled trial date was vacated").

Finally, potential additional costs or time incurred by Plaintiffs in filing potential future dispositive motions in response to the amendment is <u>not</u> the type of prejudice considered by either Rule 15(a) or Rule 16(b).  In *Reengineer Consultants, Ltd. v. EMC Corp.*, plaintiff filed for leave to amend plaintiff's amended complaint, seeking to add two additional claims, after extensive discovery had been had and the time for discovery had closed, and after defendant had filed a motion for summary judgment and plaintiff had filed a Response.  No. 2:08-cv-47, 2010 WL 1257599 (S.D. Oh. Mar. 29, 2010).  The defendant argued that plaintiff had unduly delayed in seeking amendment because plaintiff had been aware of the potential claims during discovery, and that defendant would be prejudiced by the amendment.  *Id.* at *2-3.  The court stated that, despite plaintiff's failure to explain its delay, the claims were not entirely different legal theories but involved the same contract and conduct that always been at issue in the lawsuit.  *Id.* at *4.  Furthermore, the court noted that, although defendant had the majority of information necessary regarding the claim, some additional discovery might be necessary.  *Id.*  The court then found that "[g]iven these circumstances, there is likely sufficient good cause to modify the scheduling order to allow for limited discovery on these additional claims and reset dispositive motion deadlines."  *Id.*  More importantly, the court noted "[c]onsequently, some additional time and expense might be incurred.  However, given that extensive discovery was already conducted ... [t]he addition of these claims would not

8

constitute 'drastic' changes, as the substance of these claims appears well known to Defendant, and the additional claims are based on the same legal theory of recovery." *Id.* Thus, the court granted plaintiffs leave to amend its complaint "in the interest of justice ... and [in the interest of] trying [the] case on the merits." *Id.*

Likewise, in this case, the amendment would not constitute 'drastic' change as extensive discovery was already conducted, including discovery on the defense at issue, and the interest of justice and trying the case on the merits overrides any consequential prejudice to Plaintiffs. This is especially so when, as here, Plaintiffs are seeking millions of dollars in damages. Any additional cost that may incur from Plaintiffs and Defendants having to potentially litigate the issue of mitigation of damages through dispositive motions cannot be said to be significantly prejudicial to Plaintiffs so as to merit denial of the amendment. In fact, the opposite is true. Refusing to allow Defendants to plead and/or reserve their right to appeal the issue of mitigation of damages, when Defendants are facing a claim for millions of dollars in damages, unfairly prejudices the Defendants, particularly when Plaintiffs have been aware that Defendants relied on such a defense, and the defense was addressed by both parties in pre-trial discovery and depositions. *See Armstrong Cork Co. v. Patterson-Sargent Co.*, 10 F.R.D. 534, 535 (N.D. Oh. 1950) ("Justice would seem to require that the defendant be given the opportunity to present this defense unless the amendment will prejudice plaintiff in some way other than by stating a good defense").

**II.    The Magistrate's reliance on the Court's holding that Plaintiffs have no duty to settle in holding that the amendment would be futile is in error.**

Plaintiffs also argue that the Court should deny the Defendants' Joint Motion to Amend because the amendment would be futile, relying on the Court's holding that "litigants have no duty to settle cases which serve as the basis for a subsequent legal malpractice claim" in its March 20, 2015 Memorandum.  Docket Entry No. 132, at 42. However, the Court's holding was based solely on one decision, *American International Adjustment Co. v. Galvin*, 86 F.3d 1455 (7th Cir. 1996), in which the court held that an attorney cannot mitigate his own negligence by alleging the contributory negligence of his client's negligence is what led to the lawsuit in the first place.  In so holding, the court in *Galvin* stated (without citing any direct supportive authority) that a client had "no duty to settle in a legal malpractice case."  However, *Galvin* was considering the issue in the context of comparative fault and did <u>not</u> consider whether a client's failure to settle constituted a failure to mitigate damages.

In Tennessee, all plaintiffs have a duty to use reasonable care to mitigate any damage caused by the wrongful or negligent act of another.  Where "one who is injured by the wrongful or negligent act of another, whether by tort or breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize or lessen the resulting damage...."  *Cook & Nichols, Inc. v. Peat, Marwick, Mitchell & Co.*, 480 S.W.2d 542, 545 (Tenn. Ct. App. 1971).  Here, Defendants argue that Defendant Orr's alleged negligent acts or omissions occurred prior to Plaintiffs' opportunity to settle, that Plaintiffs' had knowledge of the adverse rulings against them, had knowledge that they were faced with damages in excess of $9 million, and yet refused to make any effort to settle the

10

case, despite an opportunity to settle for approximately $500,000, and despite the admonitions of the claims adjuster. These facts invoke a classic case of failure to mitigate damages.

Thus, the amendment is not futile, as the actual legal question at issue—whether a plaintiff in a legal malpractice case, who has an opportunity to settle for significantly less than the damages sought against the plaintiff in the underlying case and who unreasonable refuses to do so, constitutes a failure to mitigate damages in a legal malpractice case—has not been fully considered by the Court.

## **CONCLUSION**

For the reasons stated, this Court should reject the magistrate judge's recommended disposition, and should issue an Order granting Defendants' Joint Motion to Amend.

Respectfully submitted this 6th day of July, 2015.


LOWE, YEAGER & BROWN


By:_____s/ Darryl G. Lowe_____
     Darryl G. Lowe         BPR # 002104
     Gregory Brown        BPR # 027944
     *Counsel for Levine, Orr & Geracioti, PLLC, and Robert Orr, Jr.*
     Riverview Tower, Ste 2102
     900 S. Gay Street
     Knoxville, Tennessee 37902
     (865) 521-6527
     dgl@lyblaw.net
     gb@lyblaw.net

11

HOWELL & FISHER


By: _____ s/ Darrell G. Townsend _____
    Darrell G. Townsend          BPR # 005460
    *Counsel for Lewis, King, Krieg & Waldrop,*
    *Linda Hamilton Mowles, and Deborah Stevens*
    300 James Robertson Parkway
    Court Square Building
    Nashville, TN  37201-1107
    (615) 244-3370
    dtownsend@howell-fisher.com


ORTALE, KELLEY, HERBERT & CRAWFORD


By: _____ s/ David B. Scott _____
    David B. Scott          BPR# 012240
    T. William A. Caldwell        BPR# 027130
    *Counsel for Weinberg, Wheeler, Hudgins,*
    *Gunn & Dial and Terrance Sullivan*
    200 Fourth Avenue North, Third Floor
    P.O. Box 198985
    Nashville, TN 37219-8985
    (615) 256-9999
    dscott@ortalekelley.com
    wcaldwell@ortalekelley.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Douglas C. Northup, Esq.
Carrie Pixler Ryerson, Esq.
Fennemore Craig, P.C.
2394 E. Camelback Rd, Ste. 600
Phoenix, AZ  85016-3429
dnorthup@fclaw.com
cryerson@fclaw.com

James W. White, Esq.
Jones, Hawkins & Farmer, PLC
One Nashville Place, Ste 1820
150 Fourth Avenue North
Nashville, TN  37219
jwhite@joneshawkinsfarmer.net

Darrell G. Townsend, Esq.
Howell & Fisher
300 James Robertson Pkwy, 3rd Floor
Nashville, TN 37201-1107
dtownsend@howell-fisher.com

David B. Scott, Esq.
T. William A. Caldwell, Esq.
Ortale, Kelley, Herbert & Crawford
P.O. Box 198985
Nashville, TN  37219-8985
dscott@ortalekelley.com
wcaldwell@ortalekelley.com


_____ s/ Darryl G. Lowe _____
Darryl G. Lowe            BPR # 002104