# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, INC., a Delaware corporation; and BFI WASTE SERVICES, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS, KING, KRIEG & WALDROP, P.C., a Tennessee professional corporation; LINDA HAMILTON MOWLES, an individual; DEBORAH STEVENS, an individual; LEVINE, ORR & GERACIOTI, PLLC, a Tennessee limited liability company; ROBERT ORR, JR., an individual; WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, a Georgia limited liability company; and TERRANCE SULLIVAN, an individual, <br><br> Defendants. | JURY DEMAND <br><br> No. 3:13-cv-00254 <br><br> Judge Sharp <br> Magistrate Judge Griffin |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO THE MAGISTRATE'S ORDER REGARDING DEFENDANTS' MOTION TO AMEND

Plaintiffs oppose Defendants' Objection to Magistrate Judge Griffin's Order denying the Defendants' motion to amend their answers (the "Objection"). Under Federal Rule of Civil Procedure 72(a), this Court should defer to Magistrate Judge Griffin's Order unless it is clearly erroneous or contrary to law. Defendants fail to satisfy this deferential standard. Accordingly, Plaintiffs respectfully request that the Court affirm the Order and overrule Defendants' Objection.

- 1 -

I.      **Relevant Factual Background.**

Plaintiffs filed this lawsuit on March 20, 2013. Dkt. 1. The Court provided a deadline of February 24, 2014 for filing motions to amend the pleadings. Dkt. 45 at 10. Defendants never sought to extend that deadline. Dkt. 152 at 3. Fact discovery closed on July 28, 2014. Dkt. 49. On October 23, 2014, Plaintiffs filed their Motion for Partial Summary Judgment on Affirmative Defenses of Assumption of Risk and Comparative Fault Relating to Defendants' Contention that Plaintiffs Should Have Settled the Underlying Lawsuit ("Settlement MPSJ"). Dkt. 75. On March 20, 2015, the Court granted Plaintiffs' Settlement MPSJ, precluding any argument at trial that Plaintiffs were comparatively at fault by not settling the underlying lawsuit and holding that Defendants waived the affirmative defense of failure to mitigate. Dkts. 132, 133. The Court added that "[r]egardless [of waiver], and as already stated, litigants have no duty to settle cases which serve as the basis for a subsequent legal malpractice claim." Dkt. 132 at 42.

Weinberg Wheeler then made several filings expressing discontent with the result. On March 30, 2015, Weinberg Wheeler filed a motion for reconsideration, asking the Court to reconsider its order and grant Weinberg Wheeler summary judgment. Dkt. 134. Not until April 1, 2015, did Defendants move to amend their answers to plead failure to mitigate (the "Motion to Amend"). Dkts. 137, 138. The Court denied the motion for reconsideration and a motion to certify issues for interlocutory appeal. Dkt. 151. On June 22, 2015, Magistrate Judge Griffin denied Defendants' Motion to Amend (the "Order"). Dkt. 152.

Defendants now ask the Court to reject Magistrate Judge Griffin's Order and instead issue an order allowing Defendants to amend their respective answers to include mitigation of damages as an affirmative defense. Dkt. 153 at 2.

## II. The Court should affirm Magistrate Judge Griffin's Order because it is not clearly erroneous or contrary to law.

Under Rule 72(a), the standard of review for a magistrate's decision on a non-dispositive matter is whether such decision was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Thus, Defendants have the burden of demonstrating that the Order, which denied the motion to amend, is clearly erroneous or contrary to law. *See Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 921-22 (M.D. Tenn. 2009); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782-3 (E.D.N.C. 2011) (analyzing Rule 72(a) in the context of the denial of a motion to amend). Under Rule 72(a),

> [t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-PLR-CCS, 2015 WL 3651464, at *1 (E.D. Tenn. June 1, 2015) (citing *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). By its terms, Rule 72(a) "provides 'considerable deference to the determinations of magistrates[]'" and the magistrate's ruling should only be deemed "clearly erroneous if [the district court] is left with the definite and firm conviction that a mistake has been made." *Pierce*, 2015 WL 3651464, at *1 (citations omitted). No such mistake exists here.

Magistrate Judge Griffin correctly summarized the law governing motions to amend, considered the appropriate factors, reasonably applied them to the facts, and supported the Order's findings with evidence from the record. Magistrate Judge Griffin applied the correct legal framework, analyzing Federal Rules of Civil Procedure 15 and 16 and noting that "[o]nce the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper

under Rule 15(a)." Dkt. 152 at 3 (citation omitted). Defendants' Objection agrees that this is the appropriate legal analysis. Dkt. 153 at 5. Defendants merely disagree with Magistrate Judge Griffin's application of the law to the facts. Such disagreement fails to satisfy the highly deferential standard of clear error or contrary to law.

### A. Magistrate Judge Griffin's finding of undue delay is not clearly erroneous or contrary to law.

Magistrate Judge Griffin found undue delay in moving to amend for several reasons including: (1) the deadline for filing motions to amend the pleadings had expired; (2) Defendants never sought to extend this particular deadline while other deadlines were extended; and (3) Defendants failed to "take[] a proactive approach once they read the plaintiffs' reply" in which Plaintiffs argued that Defendants waived any failure to mitigate defense, choosing to wait until after the Court issued an adverse ruling to seek amendment. Dkt. 152 at 4-5. Magistrate Judge Griffin noted that had Defendants moved to amend "at any point during the period of time the motion was pending, the Court would have had the opportunity to address the motion to amend in the context of the then-pending motions." Dkt. 152 at 5. These reasons alone are sufficient bases for Magistrate Judge Griffin's finding of undue delay.

Defendants argue that they were diligent in seeking to amend because: (1) Defendants did not become aware that they were required to plead mitigation of damages as an affirmative defense until this Court's March 20, 2015 order holding waiver of that defense; and (2) Defendants filed their Motion to Amend less than two weeks after this Court issued its March 20, 2015 order.[1] Defendants' argument misses the point.

---

[1] Defendants also argue that the Order is contrary to law because Magistrate Judge Griffin found their Motion to Amend "untimely in that Plaintiffs would be prejudiced." Dkt. 153 at 3-4. This misinterprets the Order. Magistrate Judge Griffin did not conclude that the Motion to Amend was untimely because Plaintiffs would be prejudiced. Magistrate Judge Griffin found undue delay for the reasons already discussed (*e.g.*, filing after deadline and not filing shortly after

- 4 -
10612321

First, Defendants' assertion that they did not learn that failure to mitigate is an affirmative defense until this Court's March 20, 2015 order rings hollow. Counsel for Levine, Orr & Geracioti, PLLC ("Levine Orr"), who filed and signed the Motion to Amend, pled mitigation of damages as an affirmative defense in December 2013 in another legal malpractice action. *See* Answer, *Discover Bank and DFS Services, LLC v. John Richardson, Jr., et al.*, No. 3:13-cv-00565 (E.D. Tenn.), attached as Exhibit 1.[2] At the latest, Levine Orr's counsel was aware that mitigation of damages was an affirmative defense as of December 2013. Exhibit 1 at 5, ¶ 38. Magistrate Judge Griffin cited this fact in her Order. *See* Dkt. 152 at 4. In any event, it simply does not matter when "it became clear [to Defendants] that they were required to affirmatively plead mitigation of damages." *See* Dkt. 153 at 6. Ignorance of the law is no excuse. *See Mendez v. Barlow*, No. 04-CV-1030S(F), 2008 WL 2039499, at *3 (W.D.N.Y. May 12, 2008) ("No authority need be cited for the proposition that attorneys representing parties in this court (or any other court) are expected to familiarize themselves with the law applicable to matters for which they are responsible . . . ."). Further, as explained in Plaintiffs' Response to Defendants' Joint Motion to Amend, based on Defendants' argument in the Motion to Amend (Dkt. 137 at 2), the factual predicate for the defense was formed no later than August 14, 2014, which was the date of Mark Piccirillo's deposition. Dkt. 142 at 6. Thus, to the extent Defendants were not already aware that failure to mitigate is an affirmative defense, it was at that point that they should have assessed whether a motion to amend was necessary.

---

Defendants received Plaintiffs' reply). Magistrate Judge Griffin then found that Plaintiffs would be clearly prejudiced for other reasons (*e.g.*, permitting amendment would require re-opening discovery and another round of briefing). Dkt. 152 at 5-6.

[2] This Court can take judicial notice of documents filed in other cases. *See Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999) ("[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record' . . . .") (citation omitted).

- 5 -

Second, the fact that the Motion to Amend was filed less than two weeks after this Court's March 20, 2015 order does not render Defendants' actions diligent or Magistrate Judge Griffin's Order contrary to law. As stated by Magistrate Judge Griffin, the evidence shows Defendants could have moved to amend earlier—shortly after receiving Plaintiffs' November 24, 2014 reply—but simply chose to wait rather than researching the issue at that time or seeking to amend in the event the Court held waiver.[3] A magistrate's denial of a motion to amend is not clearly erroneous when evidence supports the magistrate's findings of undue delay and prejudice, especially where the evidence shows that movant's counsel made a deliberate choice with regard to the proceedings. *See Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1349 (D. Kan. 2007) (affirming magistrate's denial of motion to amend because granting the motion would have required re-opening discovery, a second round of dispositive motions, possible delay of trial, and was "simply not warranted" because the movant was "represented by capable counsel who appear to have made a free, calculated, and deliberate choice").

Defendants' argument that their diligence should solely be measured by the fact that they filed less than two weeks after this Court's March 20, 2015 order falls flat because the record reflects Defendants were aware that failure to mitigate is an affirmative defense long before this

---

[3] A motion to amend even at that point would have been belated. *See King Pharm., Inc. v. Teva Pharm. USA, Inc.*, No. CIV.A. 05-3855(JAP), 2007 WL 2261547, at *3 (D.N.J. Aug. 3, 2007) (denying motion to amend answer filed in response to waiver argument in a summary judgment motion: "Teva filed the instant motion only after King filed its Motion for Summary Judgment and argued that Teva waived the judicial estoppel defense-a defense that Teva raised for the first time in its opposition brief to King's dispositive motion. Furthermore, Teva offers no excuse for its delay in seeking leave to amend. In light of the foregoing, the Court finds that Teva's Motion to Amend, filed at the eleventh hour despite prior opportunities to raise the judicial estoppel argument and amend its Answer, is untimely.") (citation omitted).

Court's order and simply chose not to amend earlier. Magistrate Judge Griffin's finding of undue delay is well supported by governing law and evidence in the record.

**B.      Magistrate Judge Griffin's finding of prejudice is not clearly erroneous or contrary to law.**

Magistrate Judge Griffin found that amendment would prejudice Plaintiffs because it would require re-opening discovery and another round of briefing after all applicable deadlines, and the dispositive motions already have been filed, briefed, and resolved. Dkt. 152 at 5-6. Sixth Circuit case law supports a finding of undue prejudice on these bases.

Contrary to Defendants' assertion (at 7) that "there is no legal authority that prevents a court from granting a motion to amend after dispositive motions have been resolved," Plaintiffs cited such authority in their Response to the Motion to Amend. Dkt. 142 at 3-4, 8 (discussing *Newburgh/Six Mile Ltd. P'ship v. Adlabs Films USA, Inc.*, No. 10-2562, 483 F. App'x. 85 (6th Cir. May 22, 2012)) and at 6 n. 6 (citing *King Pharm., Inc. v. Teva Pharm. USA, Inc.*, 2007 WL 2261547 at *3). In addition, ample precedent provides that an amendment after the close of discovery, the passage of applicable deadlines, and the filing of dispositive motions would unduly prejudice the non-moving party. *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (holding that the denial of the motion to amend the complaint was not an abuse of discretion and finding prejudice where discovery deadline passed and dispositive motion deadline imminent); *Leary v. Daeschner*, 349 F.3d 888, 908-09 (6th Cir. 2003); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *Ward v. Wal-Mart Stores, Inc.*, No. CIV. 3:05-0777, 2007 WL 712283, at *2 (M.D. Tenn. Mar. 6, 2007).

Defendants argue that "potential additional costs or time incurred by Plaintiffs . . . is not the type of prejudice considered by either Rule 15(a) or Rule 16(b)." Dkt. 153 at 8 (emphasis removed). Defendants are wrong. Courts consider potential additional costs or time incurred by

- 7 -

the non-moving party when assessing prejudice. *See Jones v. Elite Emergency Servs., LLC*, No. 3:12-CV-0203, 2013 WL 4508427, at *2 (M.D. Tenn. Aug. 23, 2013) (considering plaintiffs' additional discovery costs when assessing prejudice); *Paz v. City of Aberdeen*, No. C13-5104 RJB, 2013 WL 6163016, at *4 (W.D. Wash. Nov. 25, 2013) (finding undue prejudice because "[t]he City has filed a timely dispositive motion and Paz's amendment will cause the City to incur additional legal costs in defending a new claim and refashioning its dispositive motion."); *Steeno v. Wabash Nat'l Trailer Ctrs.*, 4:10CV14–JD–PRC, 2011 WL 1527766, *3 (N.D. Ind. Apr. 22, 2011) (considering expenses associated with reopening discovery and restarting dispositive motion process); *Raney v. District of Columbia*, 892 F. Supp. 283, 285 (D.D.C. 1995) (denying motion to amend because it would substantially prejudice plaintiff because plaintiff "incurred substantial legal costs in conducting discovery, attending hearings and conferences, and preparing for trial" and "[**s]uch expenditures of time and money constitute the type of prejudice the Federal Rules seek to prevent**.") (citations omitted and emphasis added).

The case Defendants cite—*Reengineering Consultants, Ltd. v. EMC Corp.*, No. 2:08-CV-47, 2010 WL 1257599 (S.D. Ohio Mar. 29, 2010)—does not hold otherwise. In *Reengineering Consultants*, the plaintiff asserted, among other claims, breach of a solicitation provision, contending that the defendant improperly solicited the plaintiff's prospective customers. *Id.* at *1. The plaintiff sought to amend to add breach of contract claims related to the defendant's improper solicitation of two additional end-users. *Id.* at *2. In other words, the plaintiff merely sought to add additional bases upon which the defendant breached the non-solicitation provision. *Id.* at *4. When assessing prejudice, the court ***did*** consider that the defendant would incur additional time and expense. *Id.* at *5. After considering all of the particular facts, however, the court found that such expense would be minimal. *Id.* at *4-5.

In contrast, here, because failure to mitigate had not been pled, Plaintiffs simply cannot be expected to assume that Defendants would advance that defense at trial. Plaintiffs for that reason did not move for summary judgment on that theory and only addressed it in their reply because Defendants raised it, for the first time, in their response. Even after raising the defense in that briefing, Defendants waited until **after** the Court had ruled on summary judgment and held that waiver of failure to mitigate had occurred before moving to amend. By that point, nearly every case deadline had passed many months before, including the deadline for a motion to amend the pleadings, the close of discovery and the dispositive motion deadline. This case has been pending since March 2013. The trial, which has been twice delayed, is set for March 2016.[4] Plaintiffs are prejudiced by allowing Defendants to amend their answers to include the defense at this late stage in the lawsuit, potentially necessitating the re-opening of discovery, another round of dispositive motions and consideration by this Court. *See* Dkt. 152 at 6. Defendants stated several times in the Objection that Plaintiffs "are seeking millions of dollars in damages," implying that the damage amount somehow justifies allowing a belated amendment. *See, e.g.*, Objection at 9. Yet, as Defendants' own Objection shows, this is not identified as a factor to be considered in connection with the issue of whether to permit amendment (*see* Dkt. 153 at 5 (citing *Seals v. General Motors Corp.*, 5446 F.3d 766, 770 (6th Cir. 2008)), and Defendants fail to cite any authority for this rather novel proposition. Defendants' conduct **caused** millions of dollars in damages, and Plaintiffs have a right to seek a prompt jury resolution of their claims. Additionally, there simply is no prejudice to Defendants because

---

[4] Although the trial was moved to March 2016, it was moved not to allow for another round of discovery and summary judgment briefing but to accommodate the schedules of the parties and counsel involved in this matter. Dkt. 152 at 5. Notably, trial was originally scheduled for February 2015 and then July 2015. *Id*. The fact that the trial date was moved to accommodate the schedules of the parties and their attorneys does not justify permitting amendment notwithstanding the considerable delay by Defendants.

mitigation of damages is not "a good defense" given this Court's holding that "[r]egardless [of waiver], and as already stated, litigants have no duty to settle cases which serve as the basis for a subsequent legal malpractice claim." Dkt. 132 at 42.

Defendants also argue that Magistrate Judge Griffin "focused only on the fact that the deadline for discovery and dispositive motions has passed." Dkt. 153 at 7. This statement is inaccurate; Magistrate Judge Griffin provided various reasons for her findings. *See* Dkt. 152 at 4-6. Nevertheless, even if Magistrate Judge Griffin focused more on Defendants' lack of diligence as opposed to prejudice to Plaintiffs, such analysis is not clearly erroneous or contrary to law. *See Stonecrest Partners, LLC*, 770 F. Supp. 2d at 784 (affirming magistrate's denial of motion to amend where magistrate correctly focused on movant's diligence and reasons for delay without focusing on lack of prejudice to opponent).

None of the reasons Defendants provide demonstrate that Magistrate Judge Griffin's finding of prejudice is clearly erroneous or contrary to law.

### C. Magistrate Judge Griffin's finding that an amendment would be futile is not clearly erroneous or contrary to law.

Magistrate Judge Griffin found an amendment would be futile because this Court specifically held that "litigants have no duty to settle cases which serve as the basis for a subsequent legal malpractice claim." Dkt. 152 at 6 (quoting Dkt. 132 at 42). Adding the defense of failure to mitigate due to an alleged failure to settle the underlying case would be futile because the Court already has ruled that Plaintiffs had no duty to settle the underlying case. When the plaintiff has no duty to mitigate, amending an answer to add the affirmative defense of failure to mitigate is futile. *See Iron Workers' Local No. 25 Pension Fund v. Klassic Servs., Inc.*, 913 F. Supp. 541, 546 (E.D. Mich. 1996) (denying motion to amend to add affirmative defense of failure to mitigate where the duty to mitigate would not apply to the particular case). Plainly,

10612321
Case 3:13-cv-00254   Document 154   Filed 07/20/15   Page 10 of 13 PageID #: 5617

when a defense is not legally viable, amendment is futile. *See Mendez*, 2008 WL 2039499, at \*6 (denying motion to amend scheduling order to add time to allow defendants to add an affirmative defense because the defense had already been deemed waived by the court in ruling on the defendants' motion to dismiss); *Wade*, 259 F.3d at 459-60 (noting "that the amendment would be futile" with respect to several claims that were time-barred); *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740, 752 (E.D. Mich. 2010) *aff'd sub nom. Newburgh/Six Mile Ltd. P'ship II*, 483 F. App'x 85 ("When, as here, the motion to amend is made in response to a motion for summary judgment, the Court must consider the evidence in the record and cannot assess the proposed amendment as if the evidence does not exist. In such a case, the proposed amended pleading is futile if it could not survive the summary judgment motion.") (citation omitted).

Defendants inconsistently argue that comparative fault and mitigation of damages are essentially the same doctrines (Objection at 6) and that the holding from *Galvin* that a client has "no duty to settle in a legal malpractice case" does not apply here because *Galvin* was considering the issue in the context of comparative fault and not in the context of an alleged failure to mitigate damages. Objection at 10. Defendants do not and cannot explain why the doctrines are the same when they are arguing that they were diligent but not the same when they are arguing that amendment would not be futile. This Court should reject Defendants' self-serving and inconsistent arguments.

Magistrate Judge Griffin reasonably relied on this Court's prior holding. Contrary to Defendants' assertion, this Court's prior holding was not based solely on one case but included a discussion of Tennessee law. Dkt. 132 at 40-41. Magistrate Judge Griffin's futility finding was not clearly erroneous or contrary to law.

Finally, Defendants (at 4 and 6) seem to be using the Objection to re-argue this Court's finding of waiver by contending that failure to raise an affirmative defense does not always result in waiver. Although the law of the case doctrine is discretionary when the same court is considering its own decisions, the Court's ruling of waiver should constitute the law of the case, precluding the addition of a defense that Defendants already waived. *See Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case.") (citation omitted).

## III. Conclusion

There is no error in Magistrate Judge Griffin's Order, let alone clear error, and the Order is not contrary to law. Plaintiffs respectfully request that the Court reject Defendants' attempt at further delay, affirm the Order and overrule Defendants' Objection.

Respectfully submitted this 20th day of July, 2015.

s/ *Douglas C. Northup*
Douglas C. Northup (admitted *pro hac vice*)
Carrie Pixler Ryerson (admitted *pro hac vice*)

Fennemore Craig, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email:  dnorthup@fclaw.com
Email:  cryerson@fclaw.com

- and -

James W. White (Tenn. BPR #011886)
Jones Hawkins & Farmer, PLC
One Nashville Place, Suite 1820
150 Fourth Avenue North
Nashville, TN  37219
Telephone:  (615) 726-0050
Email:  jwhite@joneshawkinsfarmer.com

*Attorneys for Plaintiffs*
*Allied Waste North America, Inc. and BFI Waste Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2015, the foregoing **Plaintiffs' Response to Defendants' Objection to the Magistrate's Order Regarding Defendants' Motion to Amend** was electronically transmitted to the Clerk's Office using the CM/ECF system for filing and service via transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. All non-registered parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Darrell G. Townsend
>Howell & Fisher
>Court Square Building
>300 James Robertson Parkway
>Nashville, TN 37201-1107
>Email: dtownsend@howell-fisher.com
>*Counsel for Lewis, King, Krieg & Waldrop and*
>*Linda Hamilton Mowles and Deborah Stevens*
>
>David B. Scott
>T. William A. Caldwell
>Ortale, Kelley, Herbert & Crawford
>330 Commerce Street, Suite 110
>P. O. Box 198985
>Nashville, TN 37219-8985
>Email: dscott@ortalekelley.com
>Email: wcaldwell@ortalekelley.com
>*Counsel for Weinberg, Wheeler, Hudgins, Gunn & Dial*
>*and Terrance Sullivan*
>
>Darryl G. Lowe
>Gregory Brown
>Lowe, Yeager & Brown
>Riverview Tower, Suite 2102
>900 S. Gay Street
>Knoxville, TN 37902
>Email: dgl@lyblaw.net
>Email: gb@lyblaw.net
>*Counsel for Levine, Orr & Geracioti, PLLC*
>*and Robert Orr*

>s/ *Douglas C. Northup*